**John W. ALBRITTON, III, Appellant,**

v.

**HENRY S. MILLER COMPANY, Appellee.**

No. 20378.

Court of Civil Appeals of Texas, Dallas.

Sept. 2, 1980.

Rehearing Denied Oct. 21, 1980.

Robert W. Caston, Caston & Stone, Hurst, for appellant.

Ronald L. McKinney, Hoppenstein & Prager, Dallas, by Richard O. Faulk, Dallas, for appellee.

Before AKIN, CARVER and STOREY, JJ.

STOREY, Justice.

Defendant John W. Albritton, III, appeals from a summary judgment granted plaintiff Henry S. Miller Co. The suit arose out of a contract for the sale of land under the terms of which defendant, the buyer, was obligated to pay plaintiff a broker's commission. At closing of the contract of sale defendant and plaintiff agreed in writing to defer payment of the commission, but in all other respects the contract was closed in accordance with its terms and defendant accepted conveyance of the land. In answer to plaintiff's suit, defendant alleged that he had been induced to enter into the contract of sale by plaintiff's representation that it had an exclusive listing contract on the land. Defendant complains on appeal that plaintiff's motion for summary judgment was insufficient as a matter of law because it did not expressly present to the court all of the essential elements of plaintiff's cause of action. Defendant also complains that a fact issue was raised on his defense of fraud in the inducement. We cannot agree with defendant's contentions, and therefore affirm the judgment.

In support of his contention that plaintiff's motion for summary judgment is insufficient as a matter of law, defendant reads Tex.R.Civ.P. 166–A(c) to require that in order to "expressly present" an issue to the court the issue must be specifically set

forth in the motion. Accordingly, defendant argues that plaintiff's motion must have specified execution of the contract, the contractual provision requiring payment, plaintiff's performance, and defendant's failure to perform. As authority for this interpretation, defendant relies on the following statement in *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979): "The movant still must establish his entitlement to a summary judgment on the issues expressly presented to the trial court by conclusively proving all essential elements of his cause of action or defense as a matter of law."

 Rule 166–A may not be interpreted in the manner urged by defendant, and *Clear Creek Basin Authority* does not suggest such an interpretation. Rule 166–A(c) provides that "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, admissions and affidavits ... show that ... there is no genuine issue as to any material fact...." It is clear therefore, that issues are "expressly presented" by *all* of the summary judgment evidence presented to and considered by the court. Here the obligation to pay the commission was set out in the contract and the contract was before the court as a part of defendant's deposition testimony. Its execution was acknowledged by defendant's testimony, and, as well, by his failure to deny execution as required by Tex.R.Civ.P. 93. Plaintiff's performance is not in dispute and defendant's pleadings admit his own failure to perform. All of the essential elements were therefore "expressly presented" and the court was authorized to rule on them as a matter of law unless defendant raised a question of fact with respect to his affirmative defense. We conclude that he has failed so to do.

 Fraud is an affirmative defense under Tex.R.Civ.P. 94 and "the non–movant must expressly present to the trial court any reasons seeking to avoid movant's entitlement such as those set out in rules 93 and 94 and he must present summary judgment proof when necessary to establish a fact issue." *City of Houston v. Clear Creek Basin Authority, supra,* at 678; *Whatley v. National Bank of Commerce,* 555 S.W.2d 500 (Tex.Civ.App.–Dallas 1977, no writ). Defendant is therefore required to show the existence of a fact issue as to each of the following elements: (1) a material representation was made; (2) it was false; (3) when the representation was made the speaker knew it was false, or that he made it recklessly without any knowledge of its truth; (4) the speaker made the representation with the intention that it should be acted upon; (5) the party acted in reliance upon the representation; (6) the party thereby suffered injury. *McCall v. Trucks of Texas, Inc.,* 535 S.W.2d 791, 794 (Tex.Civ. App.–Houston [1st Dist.] 1976, writ ref'd n. r. e.).

 It is undisputed that the sale of the land was closed by the buyer and the seller according to the terms of the contract and neither the buyer nor the seller complains of the terms on which the sale was closed. Whether or not the representation allegedly made by plaintiff that he had an exclusive listing contract on the property was in fact false, known to be false when made, and relied upon by defendant in purchasing the land, there is no evidence that such representation was material or that defendant has suffered any damage as a result. An exclusive listing contract is of small significance to a sale of realty in which all parties have actually performed except for payment of the commission to the realtor. There is no suggestion in the record that such a representation would have made any difference in performance of the contract as between buyer and seller. Further, there is no suggestion that defendant was damaged in any way by the alleged misrepresentation. Because defendant had the burden of raising a fact issue by summary judgment evidence as to each of these matters and has failed to do so, we conclude that summary judgment was proper. This conclusion makes it unnecessary for us to address the questions of the defendant's waiver and estoppel as to the fraud defense raised by plaintiff as alternate grounds for summary judgment.

Affirmed.