Leslie W. SPARKS, Appellant,

v.

CAMERON EMPLOYEES CREDIT UNION, Appellee.

No. C14–83–648CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 12, 1984.

Meyer Jacobson, Houston, for appellant.

Clifton A. Goodwin, Jr., Goodwin & Goodwin, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

OPINION

SEARS, Justice.

Appellant defaulted on a promissory note payable to Appellee. After collection efforts failed, Appellee sued Appellant to collect the balance due under the note plus attorney's fees incurred by the attorney in his collection efforts. Appellant's Original Answer alleged that Appellee had been paid in full and generally denied the allegations.

Appellee moved for summary judgment on the basis that Appellant's answer was insufficient to constitute a defense to the action and that the documents it filed in the cause of action, an affidavit by its collection manager, the note and an affidavit concerning attorney's fees, established that no genuine issue of material fact existed.

Appellant's response to the motion alleged that Appellee failed to state the specific grounds for the motion, the collection manager's affidavit did not establish he had personal knowledge of the matters to which he testified, all acts necessary to trigger the optional acceleration clause were not shown to have been accomplished and the note was paid in full. Appellant's affidavit in support of her response stated that the vehicle the note covered was stolen and rendered a total loss and she "assumed there was ample insurance coverage to pay the remainder of the debt owed to plaintiff." Simultaneously, Appellant amended her answer by stating that the note had "been paid in full by reason of insurance policies payable to the plaintiff, and [alleging] that defendant is not therefore indebted to plaintiff." Appellant's Motion for Summary Judgment was granted.

Appellant's points of error mirror the points she pled in her Response to Motion for Summary Judgment. In point of error one, she specifically alleges that the motion cannot support the judgment because it failed to state the specific grounds therefor and did not comply with TEX.R.CIV.P. 166–A(c). We disagree.

The Motion for Summary Judgment, in pertinent part, stated:

**602**

That after suit was filed the Defendant entered an appearance and filed an answer herein which is insufficient in law to constitute a defense to Plaintiff's cause of action; that as shown by the pleadings, together with all pre-trial discovery documents, depositions, admissions and affidavits, if any, on file herein, there is no genuine issue as to any material fact between the parties herein, and by reason thereof the Plaintiff is entitled to a judgment as a matter of law as prayed for by Plaintiff.

In *Bado Equipment Co. v. Ryder Truck Lines, Inc.*, 612 S.W.2d 81 (Tex.Civ.App.— Houston [14th Dist.] 1981, writ ref'd n.r.e.), this court found that a motion containing virtually identical language was sufficiently specific to satisfy rule 166–A(c). *Bado* involved a suit on a sworn account which the defendant did not answer by means of a verified pleading as required by TEX.R. CIV.P. 185. This court held that defendant's unverified answer was insufficient as a matter of law to raise a fact issue. Thus, summary judgment was rendered strictly on the pleadings. *Id.* at 83.

Although our case does not involve a sworn account, Appellant's answer is legally insufficient to preclude the granting of the motion. It is well settled that pleadings, even if sworn to, do not constitute summary judgment proof. *Blum v. Mott*, 664 S.W.2d 741 (Tex.App.—Houston [1st Dist.] 1983, no writ). Further, Appellant's controverting affidavit failed to raise a fact issue. As previously indicated, her controverting affidavit merely stated that she assumed the insurance award retired the debt.

Appellant correctly states that the motion must specifically state the grounds therefor, but misapplies the standard. The court in *Albritton v. Henry S. Miller Co.*, 608 S.W.2d 693 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.), provided a good explanation of rule 166–A(c). It stated that rule 166–A(c) requires the issues upon which summary judgment is requested be expressly presented to the court and held that "issues are expressly presented by [con-sidering] *all* of the summary judgment evidence...." *Id.* at 695. In this case, the record contained two supporting affidavits and a copy of the credit disclosure form and promissory note. We hold that the specific issues were readily apparent from this evidence and that the specificity requirement of rule 166–A(c) was met.

We believe Appellant is attempting to hold Appellee to a degree of specificity not required by rule 166–A(c). The purpose of the rule is to require that the respondent be provided with adequate information to oppose the motion and to define the issues on which summary judgment is requested. *Westchester Fire Insurance Co. v. Alvarez*, 576 S.W.2d 771, 772 (Tex.1978). This notice pleading requirement echoes the general pleading requirements of TEX.R.CIV.P. 45(b) and 47(a). *Id.* at 772–73. We hold that the motion made Appellant aware of the basis for the lawsuit and that the supporting instruments established the right to summary judgment. With this notice, Appellant merely had to examine the record. We hold that the specificity requirement of rule 166–A(c) was complied with. Point of error one is overruled.

In point of error two Appellant argues that the Motion for Summary Judgment was improperly granted because the supporting affidavit did not show how the affiant gained personal knowledge of the facts contained in the affidavit. Her "argument" under this point merely states the procedural rule that a party who opposes a Motion for Summary Judgment on the basis that the supporting affidavit does not reflect how the affiant gained personal knowledge of the facts must file an objection at trial. Appellant cites *Woods Exploration & Producing Co. v. Arkla Equipment Co.*, 528 S.W.2d 568 (Tex.1975), and alleges that she filed such an objection. This "argument" fails to comply with TEX. R.CIV.P. 418(e)(ii); however, we will review the merits of the point. Appellee's affidavit stated:

My name is Floyd Davis, and I am Collection Manager for Cameron Employees Credit Union, Plaintiff in this cause, and I am duly authorized to make this affidavit. I am over the age of eighteen (18) years, have never been convicted of a felony, am fully competent to testify to the matters stated herein, and have personal [sic] knowledge of these facts. I am familiar with Plaintiff's files, books, and records in this case....

As shown in *Barham v. Sugar Creek National Bank*, 612 S.W.2d 78, 81 (Tex.Civ. App.—Houston [14th Dist.] 1981, no writ), a person's position or job responsibilities can "peculiarly qualif[y] him to have personal knowledge concerning each of the facts in the supporting affidavit." We agree with Appellee's contention that the statement that Davis was Appellee's Collection Manager establishes how he learned or knew of the facts. Further, he swore that he had "personal knowledge." Thus, the rule 166–A(c) requirement of personal knowledge was complied with. *See Jackson T. Fulgham Co. v. Stewart Title Guaranty Co.*, 649 S.W.2d 128, 130 (Tex. App.—Dallas 1983, writ ref'd n.r.e.). Point of error two is overruled.

█ In her final point of error, Appellant contends that the trial court erred in granting the Motion for Summary Judgment because the supporting affidavits did not meet the requirements of rule 166–A and were insufficient to support the motion. In her argument she presents three reasons why the affidavits were insufficient. First, she argues that the statement regarding the balance due was conclusory and would have been inadmissible at trial. The case Appellant cites, *Habern v. Commonwealth National Bank*, 479 S.W.2d 99 (Tex.Civ. App.—Dallas 1972, no writ), does not address this issue. However, this court specifically overruled this exact contention in *Ecurie Cerveza Racing Team, Inc. v. Texas Commerce Bank—Southeast*, 633 S.W.2d 574, 575 (Tex.App.—Houston [14th Dist.] 1982, no writ); accordingly, we overrule it here.

█ Second, Appellant argues that Davis' averment that "Plaintiff has performed all conditions therein" is conclusory and inadequate to support the summary judgment. She states that "the courts in Texas have for many years imposed certain duties and responsibilities upon the holder of the note as a prerequisite for acceleration of maturity [sic] of the note." However, she fails to specify which duties or responsibilities were not complied with and has waived her point of error per Rule 418(e).

█ Finally, Appellant argues that the "affidavit ... relating to attorneys [sic] fees merely expresses an opinion and therefore creates a fact issue." This allegation is presented for the first time on appeal. TEX.R.CIV.P. 373 requires that a party lodge objections at trial and states that failure to object waives error, if any. *Holland v. Fidelity & Deposit Co.*, 623 S.W.2d 469, 471 (Tex.App.—Corpus Christi 1981, no writ). Consequently, point of error three is overruled.

The order granting the Motion for Summary Judgment is affirmed.