**TRILAND INVESTMENT GROUP, Appellant,**

v.

**TISEO PAVING COMPANY, Appellee.**

No. 05–87–00717–CV.

Court of Appeals of Texas, Dallas.

March 11, 1988.

Jerry C. Alexander, Dallas, for appellant.

Nona Thomason, Cynthia Hollingsworth, Dallas, for appellee.

Before HOWELL, LAGARDE and KINKEADE, JJ.

KINKEADE, Justice.

Triland Investment Group appeals from a summary judgment entered in favor of Tiseo Paving Company for $297,711.60. In two points of error, Triland asserts that the trial court erred in granting Tiseo's motion for summary judgment based upon the affidavit of Glenn D. Midkiff and because there is a complete lack of competent summary judgment evidence and proof. We disagree. Tiseo presents one cross-point in which it asserts that Triland's appeal was taken for purposes of delay and, therefore, Tiseo is entitled to damages. We agree.

A written instrument was executed in which Tiseo agreed to perform certain paving work for Triland. The work was completed and Triland did not pay the amount due. Tiseo brought suit to collect the debt and filed a motion for summary judgment seeking damages for Triland's breach of contract. The trial court granted the summary judgment.

Triland claims in its first point of error that the trial court erred in granting Tiseo's second amended motion for summary judgment based upon the second amended affidavit of Glenn D. Midkiff because: (1) no sworn or certified copies of any contract between Tiseo and Triland, or any other documents referred to in Midkiff's affidavit that were properly before the trial court; (2) there was no showing that Midkiff was competent to testify to the "facts" recited in his affidavit or to the exhibits attached thereto; (3) the affidavit contains nothing more than Midkiff's conclusions and unilateral, subjective opinions; and (4) as a matter of law, the affidavit is based on hearsay.

Triland misstates the record when it asserts that Midkiff's affidavit does not support the granting of the motion for

summary judgment. A copy of the demand notice Tiseo sent to Triland is attached to Midkiff's second amended affidavit. He states that it is a true and correct copy of the notice. A sworn copy of the contract between the parties was also properly before the trial court. Midkiff filed a supplemental affidavit swearing that the copy of the contract attached thereto is a true and correct copy. This copy of the contract supercedes the one attached to Midkiff's second amended affidavit which did not include the page containing Triland's representative's signature.

■ Further, Midkiff is competent to testify concerning the "facts" in his affidavit and with respect to the exhibits attached thereto. Midkiff is Tiseo's Project Administrator and his responsibilities in relation to the Triland project and on a daily basis include estimating the cost of a project, preparing and entering bids, assisting in drawing up contracts, obtaining performance bonds, attending preconstruction meetings, acting as liaison between field personnel and owners/developers, determining work completion and invoicing owners/developers, securing maintenance bonds, and obtaining retainage from owners/developers upon completion of projects. The enumerated job responsibilities peculiarly qualify Midkiff to have personal knowledge concerning the facts within his affidavit. *See Sparks v. Cameron Employees Credit Union,* 678 S.W.2d 600, 603 (Tex.App.—Houston [14th Dist.] 1984, no writ). Midkiff states that the affidavit was executed upon his own personal knowledge and upon review of Tiseo's business records. These statements affirmatively show that Midkiff is competent to testify to the facts stated in his affidavit. *See General Production Co. v. Black Coral Investments,* 715 S.W.2d 121, 123 (Tex.App. —Houston [14th Dist.] 1986, writ ref'd n.r. e.).

■ The occurrences leading to the present litigation are described in Midkiff's affidavit: Triland entered into a contract with Tiseo; the work was completed; $297,711.60 became due, but was unpaid; Tiseo sent a demand notice to Triland; Triland refused to make payment. These statements are neither conclusions, nor unilateral subjective opinions as Triland asserts, but constitute a factual account of events which are proper summary judgment proof. *See Cox v. Bancoklahoma Agri-Service Corp.,* 641 S.W.2d 400, 402 (Tex.App.—Amarillo 1982, no writ).

■ Triland argues that Midkiff has not identified the exhibits attached to his affidavit as business records, nor has he shown how he was personally familiar with the exhibits. Accordingly, Triland claims that Midkiff's allegations in his affidavit are nothing more than hearsay. Triland has misconstrued the nature of the summary judgment evidence. Midkiff identifies the exhibits attached to his amended affidavit and supplemental affidavit as true and correct copies of the Contract entered into between Tiseo and Triland and the demand letter sent to Triland. As discussed above, Midkiff's job responsibilities qualify him to make statements concerning the exhibits and the work done. *See Sparks,* 678 S.W. 2d at 603. Midkiff's affidavit is not merely hearsay, but was properly admitted as summary judgment evidence. Triland's first point of error is overruled.

In its second point of error, Triland asserts that there is a complete lack of competent summary judgment evidence and proof. Specifically, Triland claims that the contract attached to Midkiff's affidavit is not properly in evidence, there is no evidence to support the allegations that Tiseo completed the work contracted for, and no evidence to support the allegation that Tiseo is entitled to $297,711.60.

■ Triland filed several responses to Tiseo's motion and amended motions for summary judgment. Pleadings and responses to motions for summary judgment are not summary judgment evidence. *See Americana Motel, Inc. v. Johnson,* 610 S.W.2d 143 (Tex. 1980); *Rhodes v. Interfirst Bank Fort Worth, N.A.,* 719 S.W.2d 263, 264 (Tex.App.—Fort Worth 1986, no writ). There are no controverting affidavits filed by Triland. In a summary judgment, the question in the trial court and on appeal is not whether the summary judg-

ment proof raises fact issues with reference to the essential elements of a plaintiff's claim or cause of action, but whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. *Price v. Hurt,* 711 S.W.2d 84, 86 (Tex.App.—Dallas 1986, no writ); *see Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex. 1970).

As has been discussed above, Midkiff was competent to present factual summary judgment evidence concerning the transaction between Triland and Tiseo. The contract between the parties was properly before the trial court and Midkiff stated that the work was completed, that a demand letter was sent to Triland, and that $297,-711.60 remains due and owing.

■ A summary judgment may be based on uncontroverted testimonial evidence of an interested witness if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted. TEX.R.CIV.P. 166–A(c). Midkiff, an employee of Tiseo, is an interested witness whose affidavit clearly states that the work was completed and that $297,-711.60 is owing. As there was no evidence before the trial court tending to discredit or impeach Midkiff's statement, the trial court properly granted the summary judgment. *See Longoria v. Texaco, Inc.,* 649 S.W.2d 332, 335 (Tex.App.—Corpus Christi 1983, no writ.) Triland's second point of error is overruled.

By cross-point, Tiseo claims that Triland's appeal was taken for delay and without sufficient cause; therefore, Tiseo is entitled to damages for delay.

■ Such damages are permissible in civil cases under rule 84 of the Texas Rules of Appellate Procedure. The appellate court may award an amount, not to exceed ten percent of the amount of damages awarded, to the prevailing appellee. Rule 84 is derived from Texas Rules of Civil Procedure 438 (repealed) which contained mandatory language stating that if the court found an appeal was taken for delay

it *shall* award ten percent on the amount in dispute as damages. The new rule no longer contains this mandatory language, but otherwise contemplates the purposes for assessing damages in the same manner as the previous rule. *Gaines v. Frawley,* 739 S.W.2d 950, 956 (Tex.App.—Fort Worth 1987, no writ). In determining if such damages should be awarded, this Court must look at the case from the point of view of the advocate and determine whether he has reasonable grounds to believe that the case would be reversed. *Beckham v. City Wide Air Conditioning Co.,* 695 S.W.2d 660, 663 (Tex.App.—Dallas 1985, writ ref'd n.r.e.). In its brief Triland has misstated the facts and has misconstrued the record before this Court. Clearly, the affidavits and exhibits support the trial court's action in awarding summary judgment. We conclude that Triland has prosecuted this appeal for delay and without sufficient cause. *See, e.g., A.T. Lowry Toyota Inc. v. Peters,* 727 S.W.2d 307, 309 (Tex.App.—Houston [1st Dist.] 1987, no writ). Therefore, we sustain Tiseo's cross-point and award additional damages of ten percent of the prior judgment pursuant to rule 84: $29,771.16 in delay damages. The trial court judgment is affirmed.