**John S. McCONNELL, Petitioner,**

v.

**SOUTHSIDE INDEPENDENT SCHOOL DISTRICT, Dr. David S. Smith, Miguel M. Fernandez, Sammie Kerby, Joe L. Weiss, Mack C. Stallcup, Gilbert P. Arredondo, and Julian Gonzales, Respondents.**

**No. D–1659.**

Supreme Court of Texas.

April 21, 1993.

Rehearing Overruled Sept. 10, 1993.

James M. Heidelberg, Stacy C. Ferguson, San Antonio, for petitioner.

John T. Fleming, Austin, for respondents.

## OPINION

HIGHTOWER, Justice.

This case presents the question whether grounds for summary judgment must be expressly presented in the motion for summary judgment itself or whether such grounds may be presented in either a brief filed contemporaneously with the motion or in the summary judgment evidence. We conclude that grounds for summary judgment must be expressly presented in the summary judgment motion itself. Consequently, we reverse the judgment of the court of appeals and remand this cause to the trial court for further proceedings consistent with this opinion.

John S. McConnell (McConnell) sued Southside Independent School District (Southside) after Southside failed to renew his contract of employment. Southside moved for summary judgment, stating in its motion only that there were "no genuine issues as to any material facts".[1] South-

---

1. Southside's motion for summary judgment, in its entirety, stated:

Defendants, SOUTHSIDE ..., in accordance with Rule 166a of the Texas Rules of Civil Procedure, move this Court for summary

side also filed a twelve page brief in support of the motion in which it expressly presented the grounds allegedly establishing its entitlement to summary judgment. McConnell filed a written exception to the motion, arguing that the motion was defective in that it failed to present any grounds. The trial court overruled McConnell's exception and rendered summary judgment for Southside. The court of appeals affirmed, holding that "Rule 166a allows a summary judgment movant to set out the specific grounds for summary judgment in a brief served on all parties contemporaneously with the motion itself." 814 S.W.2d 247.

## I.

■ McConnell argues that the specific grounds for summary judgment must be expressly presented in the motion for summary judgment itself and not in a brief filed contemporaneously with the motion or in the summary judgment evidence. We agree.

### Motion For Summary Judgment

The first sentence of Rule 166a(c), added in 1971, plainly provides: "The motion for summary judgment shall state the specific grounds therefor." Tex.R.Civ.P. 166a(c).[2] Several cases have paraphrased this requirement as follows:

> **The motion** for summary judgment must **itself** state specific grounds on which judgment is sought.... **The motion** for summary judgment must stand or fall on the grounds it specifically and expressly sets forth.... There is authority to the effect that a summary judgment cannot be sustained on a ground not specifically **set forth in the motion.**

*Westbrook Const. Co. v. Fidelity Bank of Dallas*, 813 S.W.2d 752, 754–55 (Tex.App.—Fort Worth 1991, writ denied) (emphasis added). *See, e.g., Roark v. Stallworth Oil and Gas, Inc.*, 813 S.W.2d 492, 494–95 (Tex.1991) ("[A]n unpleaded affirmative defense may also serve as the basis for a summary judgment when it is raised in the summary judgment motion...."); *410/ West Ave. Ltd. v. Texas Trust Savings Bank, F.S.B.*, 810 S.W.2d 422, 424 (Tex. App.—San Antonio 1991, no writ) ("Motions for summary judgment 'stand or fall on the grounds specifically set forth in the motions.'"); *Hall v. Harris County Water Control & Improvement Dist.*, 683 S.W.2d 863, 867 (Tex.App.—Houston [14th Dist.] 1984, no writ). Consequently, a literal reading of Rule 166a(c) and these authorities indicate that the motion **itself** must state the grounds.

Other cases have considered the same language of Rule 166a(c) when the motion for summary judgment presented no grounds. In *Boney v. Harris*, 557 S.W.2d 376 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ), the motion for summary judgment stated only that the defendant's answer was "insufficient in law to constitute a defense...." *Id.* at 378. The court held that such a motion failed to satisfy the requirements of Rule 166a(c). *Id.* In another case in which the motion presented absolutely no grounds, the court held:

> The motion, however, does not state any grounds, specific or otherwise, upon which it is based, and, as a result, it is not in compliance with Rule 166–A(c) as amended.

*Moody v. Temple National Bank*, 545 S.W.2d 289, 290 (Tex.Civ.App.—Austin 1977, no writ). *See also Mallory v. Dorothy Prinzhorn Real Estate, Inc.*, 535 S.W.2d 371, 372 (Tex.Civ.App.—Eastland

judgment in the above entitled action on the grounds that there are no genuine issues as to any material facts and that these Defendants are entitled to a judgment dismissing Plaintiff's amended complaint as a matter of law. The Defendants respectfully request this Court to enter a summary judgment based on the pleadings in file, this Brief in Support [sic], containing the undisputed facts and conclusions of law as required by the Local Rules, and transcripts, together with affidavits sub-

mitted along with this motion, or in the alternative to specify what, if any, facts remain to be determined.

**2.** Consistent with Rule 166a, we use the term "grounds" to refer to the reasons entitling the movant to summary judgment. Likewise, we use the term "issues" to refer to the reasons the non-movant contends defeat the movant's entitlement to summary judgment.

1976, no writ) (motion stating that "original answer is insufficient to raise a controverted fact issue" insufficient under rule 166a(c)).[3]

Finally, there are cases, such as the one before the court today, in which summary judgment grounds were expressly presented, but only in a brief in support of the motion. In *Shade v. City of Dallas,* 819 S.W.2d 578 (Tex.App.—Dallas 1991, no writ), the court held:

> Although it raised these other grounds in a brief in support of the motion, we hold that this is not sufficient. **A brief in support is not a motion, answer, or response as contemplated by rule 166a.** The City's motion does not incorporate the brief, and the trial court's judgment does not state that the brief was considered. The right to summary judgment exists only where there is compliance with the rule.... Because those grounds were not contained in the City's motion, we hold that summary judgment was improper if granted on those grounds.

*Id.* at 583 (emphasis added). Additionally, in *Watkins v. Hammerman & Gainer,* 814 S.W.2d 867 (Tex.App.—Austin 1991, no writ), the court held:

> H & G argued in its **trial and appellate briefs** that additional grounds entitled it to summary judgment, but failed to raise the other grounds in its motion for summary judgment. **The judgment must stand or fall on the grounds expressly alleged in the motion.**

*Id.* at 869 n. 1 (emphasis added). The same result was reached in *Roberts v. Southwest Texas Methodist Hospital,* 811 S.W.2d 141 (Tex.App.—San Antonio 1991, writ denied). In *Roberts,* the movant identified two grounds in his motion and discussed two additional grounds in his brief. The court of appeals, holding that the grounds discussed in the brief could not provide the basis for summary judgment, stated:

> It did make these arguments later in a brief, but its motion said only that limitations barred the suit and that hospitals have no duty to give informed consent. Apart from limitations, the motion simply did not address the cause of action for battery. The trial court could not have granted summary judgment on grounds that were not included in the motion, and likewise, we cannot uphold it on unstated grounds.

*Id.* at 145. On motion for rehearing, the court added:

> There is nothing onerous or unreasonable about requiring the movant to state the grounds upon which he seeks to win a lawsuit without a trial. If the grounds are so obvious from the summary judgment proof, what is burdensome about requiring the movant to state them in the motion? Grounds may be stated concisely, without detail and argument. But they must at least be listed in the motion.

*Id.* at 146. If this court intended Rule 166a(c) to permit a summary judgment movant to place, or possibly hide, grounds

---

**3.** Ignoring the plain language of Rule 166a(c), some courts of appeals have reached the opposite result. In *City of Asherton v. Trigo,* 714 S.W.2d 90 (Tex.App.—San Antonio 1986, no writ), the motion stated only that "[t]he pleadings and affidavits on file in this cause show that there is no genuine issue of material fact and that Counter–Defendant is entitled to judgment on the Counterclaim as a matter of law." *Id.* at 92. Holding that the movant sufficiently presented the grounds to the trial court, the court stated that "[i]ssues may be expressly presented by considering all of the summary judgment evidence presented in the case." *Id.* Furthermore, in *Bado Equipment Co. v. Ryder Truck Lines Inc.,* 612 S.W.2d 81 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.), the court held that a motion stating only that the answer filed was "insufficient in law to consti-

tute a defense ..." "was sufficiently specific under rule 166a(c)." *Id.* at 82. *See also Sparks v. Cameron Emp. Credit Union,* 678 S.W.2d 600, 602 (Tex.App.—Houston [14th Dist.] 1984, no writ) (construing summary judgment motion stating no grounds, court holds that "the specific issues were readily apparent from this [summary judgment] evidence...."); *Albritton v. Henry S. Miller Co.,* 608 S.W.2d 693, 695 (Tex. Civ.App.—Dallas 1980, writ ref'd n.r.e.) ("It is clear, therefore, that issues are 'expressly presented' by all of the summary judgment evidence presented to and considered by the court."). To the extent that they conflict with our opinion today, we disapprove *City of Asherton v. Trigo, Bado Equipment Co. v. Ryder Truck Lines Inc., Sparks v. Cameron Emp. Credit Union* and *Albritton v. Henry S. Miller Co..*

for summary judgment in a brief filed in support of the motion or in accompanying summary judgment evidence, the Rule could have easily provided: "The motion for summary judgment *or the brief in support thereof or the summary judgment evidence* shall state the specific grounds therefor." Rule 166a(c), however, does not so provide. "[W]e are not free to disregard ... [the rule's] plain language. Nor should we revise the rule by opinion." *Alvarado v. Farah Mfg. Co., Inc.*, 830 S.W.2d 911, 915 (Tex.1992).[4] Although Rule 166a(c) is an admittedly rigorous rule, it must be applied as written.

Consistent with the precise language of Rule 166a(c), we hold that a motion for summary judgment must itself expressly present the grounds upon which it is made. A motion must stand or fall on the grounds expressly presented in the motion. In determining whether grounds are expressly presented, reliance may not be placed on briefs or summary judgment evidence.

### Non–Movant's Answer or Response

■ Likewise, issues a non-movant contends avoid the movant's entitlement to summary judgment must be expressly presented by written answer to the motion or by other written response to the motion and are not expressly presented by mere reference to summary judgment evidence. *See City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979) ("the non-movant must expressly present to the trial court any reasons seeking to avoid movant's entitlement ...").

The summary judgment pleading rules we announce today are consistent with the express language of Rule 166a(c) requiring that the motion for summary judgment state the specific grounds therefor and further the purpose of Rule 166a(c) to provide adequate information for opposing the motion, and to define the issues. *See Weaver v. Stewart*, 825 S.W.2d 183, 184–85 (Tex. App.—Houston [14th Dist.] 1992, writ denied) ("[Rule 166a(c) ] is important because it provides the opposing party with notice of all matters expected to be asserted in arguing the motion."). Carving exceptions to this simple requirement that the motion for summary judgment state the specific grounds frustrates the purpose of Rule 166a(c). Eventually the exceptions would consume the rule, and inject uncertainty into summary judgment proceedings concerning what issues were presented for consideration. Furthermore, it is certainly not unduly burdensome to require the movant to state the specific grounds in the motion for summary judgment. These rules also permit the trial court to consider a brief in support of a motion for summary judgment as guidance in making its determination whether the summary judgment evidence demonstrates that the moving party is "entitled to judgment", *see* Tex. R.Civ.P. 166a(c), but not in determining whether summary judgment grounds and issues are expressly presented. Finally, these rules further the policy of seeking clarity and simplicity in summary judgment practice. *See, e.g., Black v. Victoria*

---

**4.** In arguing that the grounds for summary judgment may be specified "in documents accompanying or referenced in the motion ...," the dissent consistently relies upon the "basic principle it [Rule 166a(c) ] is meant to effectuate" and its "underlying purpose." 858 S.W.2d 344, 347 (Hecht, J., dissenting). The dissent further states:

A rule [of procedure] that does not simply restate the basic principle on which it is based, but instead prescribes a guideline which tends to further that principle, must be applied consistent with its principle. * * * The words of the rule [Rule 166a] are defined by its purpose.

\* \* \* \* \* \* \*

All such rules [of procedure] can be applied under the rubric of literal construction to

defeat their own purposes unless those purposes govern and define the rules. The underlying principles must control.

858 S.W.2d 344, 347 (Hecht, J., dissenting). The Texas Rules of Civil Procedure including Rule 166a(c) should be clearly understandable and be applied in a predictable and consistent manner. In an attempt to avoid the effect of Rule 166a(c), the dissent would do a great disservice to the litigants whom we serve by rewriting the unambiguous text of Rule 166a(c) in light of the dissent's perceptions concerning Rule 166a(c)'s "underlying purpose and principles." This approach would inject an element of uncertainty into every rule, no matter how clearly stated.

*Lloyds Ins. Co.*, 797 S.W.2d 20, 27 (Tex. 1990) ("[T]he motion [for summary judgment] must identify or address the cause of action or defense and its elements." (emphasis added)).

## II.

A corollary question concerns whether a burden exists to except or object to a defective motion for summary judgment or response. In certain situations, we conclude that such a burden exists.

### Motion Presenting No Grounds

■ When the grounds for summary judgment are not expressly presented in the motion for summary judgment itself, any confusion may and should be resolved by exception in the trial court. However, summary judgments must stand or fall on their own merits, and the non-movant's failure to except or respond cannot supply by default the grounds for summary judgment or the summary judgment proof necessary to establish the movant's right—the movant's right is not established and the movant must still assert grounds in the motion for summary judgment itself and establish its entitlement to summary judgment. *See Clear Creek*, 589 S.W.2d at 678.

> While it would be prudent and helpful to the trial court for the non-movant always to file an [exception,] answer or response, the non-movant needs no [exception,] answer or response to the motion to contend on appeal that the grounds expressly presented to the trial court by the movant's motion are insufficient *as a matter of law* to support the summary judgment.

*Id.* (emphasis in original). Even if the non-movant fails to except or respond, if the grounds for summary judgment are not expressly presented in the motion for sum-

mary judgment itself, the motion is legally insufficient as a matter of law. Consequently, we conclude that Rule 166a(c) does not require a non-movant to except in this situation.[5]

### Motion Presenting Only Certain Grounds

■ When the motion for summary judgment clearly presents certain grounds but not others, a non-movant is not required to except. This distinction was recognized and correctly resolved in *Roberts v. Southwest Texas Methodist Hospital*, when the court held:

> When a motion for summary judgment asserts grounds A and B, it cannot be upheld on grounds C and D, which were not asserted, even if the summary judgment proof supports them and the responding party did not except to the motion.

811 S.W.2d at 146. Why should a non-movant be required to except to a motion expressly presenting certain grounds and not others? The only effect of such a rule would be to alert the movant to additional unasserted grounds for summary judgment. Consequently, we conclude that Rule 166a(c) does not require a non-movant to except in this situation.

### Grounds Unclear from Motion

■ An exception is required should a non-movant wish to complain on appeal that the grounds relied on by the movant were unclear or ambiguous. *See Lochabay v. Southwestern Bell Media, Inc.*, 828 S.W.2d 167, 170 n. 2 (Tex.App.—Austin 1992, no writ) ("Lochabay did not except to the motion for summary judgment, as he was required to do if he wished to claim lack of specificity."). Prudent trial practice dictates that such an exception should be lodged to ensure that the parties, as well as

---

**5.** The dissent suggests that we have overruled *Westchester Fire Ins. Co. v. Alvarez*, 576 S.W.2d 771 (Tex.1978) when we allegedly state "that if the motion states no grounds at all, no exception is required." 858 S.W.2d 344, 348 (Hecht, J., dissenting). The statement in *Westchester*, 576 S.W.2d at 773, "that the failure of a motion for summary judgment to specify grounds is a defect of form that is waived unless excepted to

prior to rendition of judgment," was effectively overruled fourteen years ago by *Clear Creek*, 589 S.W.2d at 678 ("the non-movant needs no answer or response to the motion to contend on appeal that the grounds expressly presented to the trial court by the movant's motion are insufficient as a matter of law to support the summary judgment.").

the trial court, are focused on the same grounds.[6] This prevents the non-movant from having to argue on appeal each and every ground vaguely referred to in the motion. The practical effect of failure to except is that the non-movant loses his right to have the grounds for summary judgment narrowly focused, thereby running the risk of having an appellate court determine the grounds it believes were expressly presented in the summary judgment. Even in this situation, however, "[a]n appellate court cannot 'read between the lines, infer or glean from the pleadings or the proof' any grounds for granting the summary judgment other than those grounds expressly set forth before the trial court [in the motion for summary judgment]." *Clark v. First National Bank of Highlands*, 794 S.W.2d 953, 956 (Tex. App.—Houston [1st Dist.] 1990, no writ) (quoting *Great–Ness Professional Serv., Inc. v. First Nat'l Bank of Louisville*, 704 S.W.2d 916, 918 (Tex.App.—Houston [14th Dist.] 1986, no writ)).

### Non–Movant's Answer or Response

 With one exception, the above rules apply equally to a non-movant's response. The non-movant must expressly present to the trial court, by written answer or response, any issues defeating the movant's entitlement. *Clear Creek*, 589 S.W.2d at 678 ("The written answer or response to the motion must fairly apprise the movant and the court of the issues the

non-movant contends should defeat the motion."). If it is clear what issues the non-movant contends should defeat the movant's entitlement, the movant should be able to reply only to these issues. *See* Tex.R.Civ.P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal."). Any confusion regarding what issues are expressly presented by the non-movant can also be resolved by exception.[7] However, summary judgments must stand or fall on their own merits, and the non-movant's failure to answer or respond cannot supply by default the summary judgment proof necessary to establish the movant's right. *Clear Creek*, 589 S.W.2d at 678. If a non-movant fails to present any issues in its response or answer, the movant's right is not established and the movant must still establish its entitlement to summary judgment. The effect of such a failure is that the non-movant is limited on appeal to arguing the legal sufficiency of the grounds presented by the movant. *Id.* at 678.

### III.

The summary judgment pleading rules we announce today are simple, equitable, and prevent the confusion that results when parties fail to expressly present grounds and issues entitling or defeating entitlement to summary judgment.[8] They

---

**6.** When the non-movant files a proper exception to the motion stating that the movant's grounds are uncertain or ambiguous, and such an exception is overruled, the non-movant may have a valid complaint on appeal. *See Jones v. McSpedden*, 560 S.W.2d 177, 179 (Tex.Civ.App.—Dallas 1977, no writ).

**7.** Concerning the form and time of exceptions, *Clear Creek* held that both the grounds for summary judgment and the issues defeating entitlement thereto must be in writing and before the trial court at the hearing. *Id.* at 677. We stated that to permit grounds and issues to be presented orally would encourage parties to request that a court reporter record summary judgment hearings, a practice neither necessary nor appropriate to the purposes of such a hearing. *Id.* This rationale compels the conclusion that exceptions to a motion or response must also be in writing. Furthermore, the requirement that a

written response must be filed and served not later than seven days prior to the hearing applies equally to the non-movant's exceptions. *See* Tex.R.Civ.P. 166a(c). Similarly, any exceptions filed by the movant to the non-movant's response must be filed and served not less than three days prior to the hearing. *See* Tex. R.Civ.P. 21. Finally, a party asserting exceptions must obtain a ruling at or prior to the hearing of the motion for summary judgment. Tex.R.App.P. 52(a).

**8.** We do not believe that our holding presents a trap for the unwary practitioner. For example, the *Texas Litigation Guide* provides a standard motion for summary judgment form consistent with our holding today. *See* W. Dorsaneo, 4 *Texas Litigation Guide* § 101.101[2] (1992). Additionally, in an effort to avoid any resulting confusion, we point out that the oft-cited commentators on Texas summary judgment practice

also prevent parties from arguing that grounds and issues were presented in lengthy briefs or voluminous summary judgment evidence. Finally, these rules ultimately prevent the controversies that result when appellate courts are forced to ascertain whether grounds and issues were expressly presented to the trial court.

Because Southside's motion for summary judgment stated no grounds and because McConnell properly excepted to this defect, the court of appeals erred in affirming the trial court's rendition of summary judgment for Southside. For these reasons, we reverse the judgment of the court of appeals and remand this cause to the trial court for further proceedings consistent with this opinion.

GONZALEZ, J., concurring.

HECHT, J., joined by CORNYN, J., dissenting.

ENOCH, J., joined by PHILLIPS, C.J., dissenting.

GONZALEZ, Justice, concurring.

I agree with the Court that Rule 166a(c) of the Texas Rules of Civil Procedure mandates that the grounds for a motion for summary judgment must be set out **in the motion itself** and cannot be furnished by an accompanying brief. If the Rule does not mean what it says, we ought to change it. Because I would not reach the other issues addressed by the Court, I join only in the judgment and not the majority opinion.

HECHT, Justice, dissenting.

Despite the discursive plurality opinion, the actual holding in this case is a narrow one. It is that the grounds for a motion for summary judgment must be set out in the motion itself and cannot be supplied by

an accompanying brief on which the motion is expressly based. Because the motion in this case does not comport with this rule, the Court reverses the judgment for the movant, even though any error in granting the motion is made entirely harmless by the non-movant's concession that he was fully apprised of the grounds on which it was based. I disagree with the Court's rule; it is a rigid formality incongruent with the more basic principle it is meant to effectuate, which is, that the grounds for a summary judgment motion should be clear to the non-movant and the trial court. The Court's rule is concerned only with *where* the grounds for summary judgment are stated, and not with whether they are stated clearly. I also disagree that a violation of the rule requires reversal even when it has caused no prejudice. Finally, I do not join in the plurality opinion's extensive discussions of various other subjects, all obiter dicta, which are in some respects wrong and in all respects completely unnecessary to a decision of the dispute before us.

Defendants filed a motion for summary judgment stating as its only grounds "that there are no genuine issues as to any material facts and that these Defendants are entitled to judgment dismissing Plaintiff's amended complaint as a matter of law." The motion also recited, however, that it was based on a supporting brief. That brief accompanied the motion (plaintiff does not contradict defendants' assertion that the two instruments were actually attached to each other), was 12 pages long, and clearly set out the grounds for granting summary judgment. Plaintiff concedes that he understood the basis for defendants' motion but made a tactical choice not to respond to it on the merits. Instead, plaintiff excepted to the motion because it did not *itself*, apart from the accompanying brief, state the grounds for summary judg-

have recently changed positions on this issue in response to the incorrect opinion of the court of appeals in this case. *Compare* L. Liberato & D. Hittner, *Summary Judgments in State and Federal Courts,* in 1 State Bar of Texas, Fourth Annual Advanced Appellate Practice Course G–2 (1990) ("Rule 166a(c) unequivocally requires that the motion shall state with specificity the grounds upon which the movant is relying.")

*with* D. Hittner, L. Liberato, B. Ramage, *Summary Judgments and Defaults in the State Courts of Texas,* 1:13.1 (1992) ("The movant may set out the specific grounds for a summary judgment in a *brief* served on all parties contemporaneously with the motion itself."). As our opinion indicates, the rule expressed in 1990 is correct.

ment. Plaintiff's sole contention in this Court is that it was reversible error for the trial court to grant defendants' motion in the face of his exception.

Plaintiff's exception to defendants' motion for summary judgment is based upon the first sentence of Rule 166a(c), Tex. R.Civ.P., which provides simply: "The motion for summary judgment shall state the specific grounds therefor." In *Westchester Fire Ins. Co. v. Alvarez*, 576 S.W.2d 771, 772 (Tex.1978), we stated: "The purpose of this requirement is to provide the opposing party with adequate information for opposing the motion, and to define the issues for the purpose of summary judgment." There is no question that the purpose of Rule 166a(c) was fully served in this case by the brief accompanying defendants' motion. Plaintiff concedes as much. Nevertheless, the Court holds that the summary judgment must be reversed because defendants did not comply with the rule.

The plurality opinion reasons that Rule 166a(c) "plainly" requires that the grounds for a motion for summary judgment must actually be set out in the motion itself. The alternative, according to the plurality opinion, would be to permit the grounds to be stated anywhere in the summary judgment record. This procedure would fail to provide a cogent statement of the issues in a particular place and thus would defeat the purpose of the rule. Since this procedure is unacceptable, the plurality opinion concludes that its reading of the rule must be correct.

The fallacy in the plurality opinion's reasoning lies in its misapplication of the law of the excluded middle. It is just not true that the only alternatives are either to require that the grounds for summary judgment be recited in the motion, or to permit them to be raised anywhere in the record. There is a middle position more flexible than the Court's rule and still fully consistent with the underlying purpose: the motion may state the grounds for summary judgment by reference to other documents as long as the opposing party is provided with adequate information to oppose the motion, and the summary judgment issues

are defined. That is precisely what happened in this case. Defendants' motion expressly stated that it was based upon a supporting brief, which accompanied the motion. From the motion and brief, plaintiff knew exactly what defendants' contentions were. Both the rule and its purpose were thus fully satisfied. The motion stated "the specific grounds therefor" by reference to the accompanying brief, giving plaintiff full notice of defendants' contentions and defining the issues for resolution.

This is not a less than literal reading of the rule. As long as the purpose of the rule is met, its precise language does not preclude specification of the grounds for summary judgment in documents accompanying or referenced in the motion. We have never suggested that the rule is as restrictive as the Court views it. In *Chessher v. Southwestern Bell Telephone Co.*, 658 S.W.2d 563, 564 (Tex.1983) (per curiam), we wrote: "It is axiomatic that one may not be granted judgment as a matter of law on a cause of action not addressed in a summary judgment *proceeding*." (Emphasis added.) In *Black v. Victoria Lloyds Ins. Co.*, 797 S.W.2d 20, 27 (Tex.1990), we reiterated: "A summary judgment movant may not be granted judgment as a matter of law on a cause of action not addressed in a summary judgment *proceeding*." (Emphasis added.) In both instances we insisted that the issues determined by summary judgment must actually be raised, but only in the *proceeding*. In neither case did we suggest that those issues must always be recited in the motion.

No reported Texas case addresses the specific issue before us. Most of the cases cited by the plurality opinion stand only for the general proposition that the grounds for summary judgment must be stated and do not specify where or how. One court of appeals has held that issues in *opposition* to a motion for summary judgment may be raised in a brief incorporated in the nonmovant's response. In *Resolution Trust Corp. v. Ammons*, 836 S.W.2d 705, 708–709 (Tex.App.—Houston [1st Dist.1992, no writ), the court explained:

The RTC filed a response to Ammons' motion for summary judgment and incorporated a memorandum of law in support of its response that was served on all parties and the trial court contemporaneously with its response. It is undisputed that the RTC's motion in response and memorandum of law in support of the response were in 'writing' and 'before' the trial court at the summary judgment hearing. Moreover, the motion itself, by its language, expressly incorporated the memorandum of law. We find the RTC's motion in response and supporting memorandum of law constitutes the type of 'written motion, answer or other response' contemplated by rule 166a(c). *See S. McConnell v. Southside Indep. School Dist.*, 814 S.W.2d 247, 248 (Tex. App.—Austin 1991, writ granted) (Rule 166a allows a summary judgment movant to set out the specific grounds for summary judgment in a brief served on all parties contemporaneously with the motion itself); *see also* Tex.R.Civ.P. 1 (rules are to be given liberal construction).

Other courts have uniformly refused to consider grounds for summary judgment raised only in a brief not accompanying the motion. *Shade v. City of Dallas*, 819 S.W.2d 578, 583 (Tex.App.—Dallas 1991, no writ) (the "motion does not incorporate the brief, and the trial court's judgment does not state that the brief was considered"); *Roberts v. Southwest Texas Methodist Hosp.*, 811 S.W.2d 141, 144–146 (Tex. App.—San Antonio 1991, writ denied) (arguments not raised in motion were made "later in a brief"); *Avinger v. Campbell*, 499 S.W.2d 698, 702 (Tex.Civ.App.—Dallas 1973) (grounds cannot be raised for the first time in appellate briefs), *writ ref'd n.r.e.*, 505 S.W.2d 788 (Tex.1974) (per curiam). The *holding* in each of these cases, as distinct from desultory language in some of the opinions, is correct. Raising issues in a brief which is filed separately and not referenced in the summary judgment motion or response may not comply with Rule 166a(c). Still, no Texas court has ever held that the grounds for or against a summary judgment cannot be stated in a brief accompanying the motion or response.

The plurality opinion argues that its rule promotes clarity and simplicity in summary judgment practice. Actually, however, a rigid rule requiring recitation of the grounds for summary judgment in the motion itself does not make for clearer, simpler motions; to the contrary, such a rule simply encourages prudent counsel to incorporate any supporting briefing and affidavits in the body of the motion when it is possible to do so. As defendants' counsel in this case observed in oral argument: "Had I served this motion and left off the title of the third page which begins, "Brief in Support", the entire document would have been deemed a motion, and I wouldn't be here today." Under the Court's rule, counsel is correct. But merely deleting the caption on defendants' brief so that its text is inside the motion itself instead of attached to it does not make the issues in this case clearer or simpler. No such purely formal requirement can serve the purpose of clarifying the issues. In this case, the Court's clearer, simpler rule requires a remand so that the parties and lower courts can all reconsider the very same issues they have already considered. The needless delay and expense in this case will be multiplied in others.

The Court's objectives of clarity and simplicity are not achieved by its rule. A 1–page motion which does not state the grounds for summary judgment, attached to a 99–page brief which does, is not made clearer or simpler merely by combining the two documents into a single 100–page motion which states the grounds for summary judgment amid supporting arguments. Yet the 100–page motion in this example complies with the Court's rule while the 1–page motion does not. This sort of nonsense results when the application of a rule becomes divorced from its purpose. What is essential for summary judgment, as we explained in *Westchester*, is that the issues be set out with sufficient specificity to assure that they are fairly addressed by the parties and trial court. *How* that is achieved, while not totally immaterial, should certainly be of far less importance

than *whether* it is achieved. A motion which does not serve the purpose of the rule should not be preferred to a motion and brief which, together, do.

Rules of procedure are not written to define a perverse game of legal hopscotch to test the adroitness of lawyers; they are devised to provide a logical, predictable, simple, sensible structure for achieving justice. When rules are divorced from the basic principles they effectuate, the resulting structure is deformed and arbitrary, and its purpose—achieving justice—is thwarted. A rule that does not simply restate the basic principle on which it is based, but instead prescribes a guideline which tends to further that principle, must be applied consistent with its principle. Rule 166a, for example, does not restate its purpose (fair notice and definition of issues), but prescribes a guideline (motion shall state grounds). The words of the rule are defined by its purpose. A motion which does not provide fair notice of the issues raised is not proper simply because somewhere in its ramblings the grounds are stated; a motion which does define the issues is not improper simply because the grounds are stated in an attachment. The plain language of the rule itself cannot be disregarded, but it does not supplant the purpose and cannot properly be construed to reach a result incongruent with that purpose.

There are many other examples of such rules. The "in anticipation of litigation" standard of Rule 166b is not a basic legal principle but an abbreviation to describe the balance struck among the conflicting purposes of privilege and discovery. The standard is intended to achieve in application the balance desired in the abstract. If the standard is applied without regard to its purpose, it may mean anything from the remotest speculation that litigation may be an eventuality to service of summons. Application of the standard is defined not by the dictionary meaning of its words but by its underlying purposes. *See National Tank Co. v. Brotherton*, 851 S.W.2d 193 (Tex.1993). Likewise, the rules governing preservation of error in the jury charge are meant to assure that a party's position is fully communicated to the trial court and ruled upon. Application of those rules apart from their purpose leads to an endless development of arcane distinctions. *See State v. Payne*, 838 S.W.2d 235 (Tex. 1992). There are many other similar examples. All such rules can be applied under the rubric of literal construction to defeat their own purposes unless those purposes govern and define the rules. The underlying principles must control.

I do not doubt that the Court's decision today is motivated by the very legitimate desire to clarify summary judgment procedure with a bright-line rule. I do not believe, however, that that desire is fulfilled. Rule 166a should be applied to serve its purpose; it should not be an end in itself.

At least as troubling as the rule the Court adopts is its conclusion that the judgment in this case must be reversed. Rule 184(b), Tex.R.App.P., states:

No judgment shall be reversed on appeal and a new trial ordered in any cause on the ground that an error of law has been committed by the trial court in the course of the trial, unless the Supreme Court shall be of the opinion that the error complained of amounted to such a denial of the rights of the petitioner as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case, or was such as probably prevented the petitioner from making a proper presentation of his case to the appellate courts....

The plurality opinion does not apply or mention this rule. Even if it be conceded that the trial court erred, reversal is not proper except under Rule 184. Petitioner does not argue that the trial court's alleged error "amounted to such a denial of the rights of the petitioner as was reasonably calculated to cause and probably did cause the rendition of an improper judgment". Nor does petitioner argue that the trial court's action "probably prevented the petitioner from making a proper presentation of his case to the appellate courts". The Court does not explain why reversal is necessary in these circumstances. The only logical alternatives are that the trial court

committed fundamental error, or that Rule 184 does not apply to this case. Both alternatives are clearly wrong.

In very similar circumstances, the court in *McCloud v. Knapp*, 507 S.W.2d 644 (Tex.Civ.App.—Dallas 1974, no writ), refused to reverse the judgment. In that case, as in this one, the trial court granted a motion for summary judgment which did not state specific grounds, although the grounds were stated in a supporting brief. The court reasoned:

> Appellee cannot say that she was misled or misinformed concerning appellee's position; her only complaint is that there was technical noncompliance with the Rule.

> We do not wish to be understood as holding that strict compliance with Rule 166–A is unnecessary, but it is our holding that in this particular factual situation it appears that no harm or prejudice was suffered by appellant and that she presents no proper ground for reversal. Rule 434. [Tex.R.Civ.P. 434, now Tex. R.App.P. 81(b)(1), counterpart to Tex. R.App.P. 184.]

*Id.* at 645. The Court should adopt the same reasoning in this case.

Finally, most of the plurality opinion is a discourse on summary judgment procedure unnecessary to a decision in this case. There has not been one word of argument in this Court or in the court of appeals concerning whether the grounds for summary judgment may be stated in the evidence, yet the plurality opinion undertakes not only to resolve this issue but to disapprove the three other cases which mention it. Two of those cases did hold that the grounds for summary judgment may be found in the evidence in at least some circumstances. *City of Asherton v. Trigo*, 714 S.W.2d 90, 92 (Tex.App.—San Antonio 1986, no writ) (grounds for motion may be found in affidavit even though not stated in the motion); *Sparks v. Cameron Employees Credit Union*, 678 S.W.2d 600, 602 (Tex.App.—Houston [14th Dist.] 1984, no writ) (grounds readily apparent from the evidence in suit on a note). In the other case, however, the issue appears, as in this

case, only in dicta. *Albritton v. Henry S. Miller Co.*, 608 S.W.2d 693, 695 (Tex.Civ. App.—Dallas 1980, writ ref'd n.r.e.) (nonmovant's complaint was not that motion failed to state grounds, but that it should have stated each element of the movant's cause of action). The plurality opinion also addresses when issues may be raised by the summary judgment evidence offered in response to a motion, another matter not involved in this case.

The plurality opinion indicates the level of specificity required of motions for summary judgment by disapproving *Bado Equip. Co. v. Ryder Truck Lines, Inc.*, 612 S.W.2d 81 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.). There the court held that summary judgment was properly granted in a sworn account suit on a motion which stated only that defendant's answer was "insufficient in law to constitute a defense" and did not refer specifically to Tex.R.Civ.P. 185. *Id.* at 82. Whether *Bado* was correctly decided has nothing to do with the issues in the case before us.

The plurality opinion also decides what it euphemistically refers to as a "corollary question": in what circumstances must a non-movant except to a summary judgment motion which does not state grounds in order to preserve error. The plurality opinion suggests, among other things, that if the motion states no grounds at all, no exception is required. That is directly contrary to our decision in *Westchester*. There we wrote:

> The question in this case is whether the specificity requirement in Texas Rules of Civil Procedure 166–A(c) is waived by failure to except to the motion for summary judgment prior to rendition of judgment. . . .

> Rule 166–A(c) states that "the motion for summary judgment shall state the specific grounds therefor." The purpose of this requirement is to provide the opposing party with adequate information for opposing the motion, and to define the issues for the purpose of summary judgment. In this respect, the specificity requirement in Rule 166–A(c) parallels the

pleading requirements of Rule 45(b) and Rule 47(a) [Tex.R.Civ.P.]. Although Rule 90 [Tex.R.Civ.P.] does not specifically refer to summary judgment pleadings, the same considerations apply. Just as defects in pleadings are waived unless specifically pointed out by motion or exception in writing before the charge to the jury or rendition of judgment, we hold that the failure of a motion for summary judgment to specify grounds is a defect of form that is waived unless excepted to prior to rendition of judgment.

576 S.W.2d at 772–773. The plurality opinion states that this holding in *Westchester* was "effectively" overruled in *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). By use of the word "effectively", the plurality opinion avoids pointing out that *Clear Creek* did not actually *say* it was overruling *Westchester*. In fact, *Clear Creek* does not even cite *Westchester*. The plurality opinion's reliance on a part of a sentence from *Clear Creek* is very misleading. What *Clear Creek* says is a non-movant may assert that a motion for summary judgment lacks legal substance without filing a response. *Clear Creek* does not suggest that a procedural deficiency, such as the failure to state grounds in the motion itself, can be asserted without some objection in the trial court. The relevant passage from *Clear Creek* makes this clear:

We are not to be understood, however, as shifting the burden of proof that exists in summary judgment proceedings. The trial court may not grant a summary judgment by default for lack of an answer or response to the motion by the non-movant when the movant's summary judgment proof is legally insufficient. The movant still must establish his entitlement to a summary judgment on the issues expressly presented to the trial court by conclusively proving all essential elements of his cause of action or defense as a matter of law. *See Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex.1972). Summary judgments must stand on their own merits, and the non-movant's failure to answer or respond cannot supply by default the summary judgment proof necessary to establish the movant's right.

While it would be prudent and helpful to the trial court for the non-movant always to file an answer or response, the non-movant needs no answer or response to the motion to contend on appeal that the grounds expressly presented to the trial court by the movant's motion are insufficient *as a matter of law* to support summary judgment. The non-movant, however, may not raise any *other* issues as grounds for reversal. Under the new rule, the non-movant may not urge on appeal as reason for reversal of the summary judgment any and every *new* ground that he can think of, nor can he resurrect grounds that he abandoned at the hearing.

*Id.* at 678 (footnote omitted) (emphasis added). A fair reading of this passage does not support the plurality opinion's position that *Westchester* was silently overruled and its rule abandoned. Nor *should Westchester* be overruled. A rule requiring the non-movant to object to procedural deficiencies in the trial court operates to assure a decision on the merits in the trial court, thereby minimizing unnecessary appeals.

However, the propriety of the *Westchester* rule is outside the proper scope of the issues in this case. The plurality opinion's discussion of these and other "corollary" questions comprises the bulk of its opinion. Some of it is wrong—such as the treatment of *Westchester*—most of it is ill-advised, and all of it is dicta entitled to no regard.

\* \* \* \* \* \*

For the reasons I have explained, I would affirm the judgment of the court of appeals. I therefore respectfully dissent.

CORNYN, J., joins in this dissenting opinion.

ENOCH, Justice, dissenting.

I agree with the Court that the plain words of Rule 166a(c) of the Texas Rules of Civil Procedure establish a bright line rule. The grounds for the granting of a motion for summary judgment must be

stated *in the motion.*[1] However, I would not address any of the other issues, nor can I agree that in this case the failure to include the grounds in the motion itself is harmful. The evidence in the record establishes that neither the court nor the non-movant was unaware, confused or mislead as to the specific grounds being relied upon by the movant. Therefore, I would affirm the judgment of the court of appeals.

PHILLIPS, C.J., joins in this dissenting opinion.

---

1. Responding to Justice Hecht's criticism that requiring the grounds for summary judgment to be stated in the motion is a technicality without a purpose, at least one court of appeals has stated "... the trial brief is neither in the record before us *nor would it properly be part of the* *appellate record." Concrete Constr. Supply v. M.F.C., Inc.,* 636 S.W.2d 475, 483–84 (Tex.App.— Dallas 1982, no writ) (*citing* Tex.R.Civ.P. 376a, now found in Tex.R.App.P. 51 and 52 (emphasis added).