

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

NO. 2-09-165-CV

ETHELDRIA CAREY                                                    APPELLANT

V.

FIRST CLASS AMERICAN                                              APPELLEE
CREDIT UNION

------------

FROM COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

In one issue, Appellant Etheldria Carey, pro se, challenges the trial court's grant of summary judgment in favor of Appellee First Class American Credit Union ("FCACU").  We will affirm.

FCACU sued Carey to recover a credit card indebtedness in the amount of $3,101.59 plus interest.  Carey answered the suit and generally denied

---

[1] *See* Tex. R. App. P. 47.4.

FCACU's allegations. FCACU later filed a traditional motion for summary judgment on its debt claim, arguing that it was entitled to judgment as a matter of law in the amount of $4,933.93 ($3,101.59 plus interest in the amount of $1,832.34). Presumably in response to FCACU's motion for summary judgment, Carey filed her "Defendant's Original Answer." This response includes only the following:

> COMES NOW the defendant(s) in the above-styled case, who enters a general denial pursuant to Texas Rule of Civil Procedure 92, denying the allegations set forth in the plaintiff's petition and denying plaintiff's claim.

> Wherefore, premise considered, defendant prays that the plaintiff take nothing in this case; and the defendant go hence without day and cost of said suit be taxed against plaintiff.

The trial court granted FCACU's motion for summary judgment and signed a judgment awarding FCACU $4,933.93 plus attorneys' fees in the amount of $1,500.

In her sole issue, Carey argues that the trial court erred by granting FCACU's motion for summary judgment because (1) the account referenced in FCACU's original petition is a Visa account, but the exhibit attached to the petition references a MasterCard account, and (2) FCACU filed a 1099-C Cancellation of Debt notice with the Internal Revenue Service on December 19, 2005, which made the debt unenforceable. Carey did not raise these

2

arguments in her response to FCACU's motion for summary judgment as issues expressly precluding the summary judgment. Because Carey did not assert these arguments in her response to FCACU's motion for summary judgment, she may not raise them for the first time on appeal as reasons to reverse the summary judgment. *See* Tex. R. Civ. P. 166a(c) (providing that issues not expressly presented to the trial court by written motion, answer, or response *shall not* be considered on appeal as grounds for reversal); Tex. R. App. P. 33.1(a)(1) (requiring that as a prerequisite for presenting a complaint for appellate review, record must show that the complaint was made to trial court by timely request, objection, or motion); *McConnell v. Southside ISD*, 858 S.W.2d 337, 341 (Tex. 1993); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 677 (Tex. 1979); *Pinnacle Anesthesia Consultants, P.A. v. Fisher*, No. 05-07-01042-CV, 2009 WL 1801032, at *9, *10, *11 (Tex. App.—Dallas June 25, 2009, no pet.) (reasoning that arguments not made in response to motion for summary judgment cannot be raised on appeal as reasons to reverse summary judgment); *Priddy v. Rawson*, 282 S.W.3d 588, 597 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (reasoning that argument not expressly presented to the trial court in response to motion for summary judgment was waived). To the extent her "Defendant's Original Answer" was not filed as a response to FCACU's motion for summary judgment, Carey does

3

not argue that FCACU's evidence is insufficient as a matter of law to support the summary judgment. *See City of Houston*, 589 S.W.2d at 678 (reasoning that while the nonmovant need not file an answer or response to the motion for summary judgment, on appeal the nonmovant may only contend that the movant's evidence supporting the motion was insufficient as a matter of law or that the grounds in the motion do not dispose of all the claims in the case). Accordingly, we overrule Carey's only issue and affirm the trial court's judgment.

BILL MEIER
JUSTICE

PANEL:  LIVINGSTON, DAUPHINOT, and MEIER, JJ.

DELIVERED:  February 4, 2010