**John S. McCONNELL, Appellant,**

v.

**SOUTHSIDE INDEPENDENT SCHOOL DISTRICT; David S. Smith, Miguel M. Fernandez, Sammie Kerby, Joe L. Weiss, Mack C. Stallcup, and Gilbert P. Arredondo in their Individual and Official Capacities as Trustees of the Southside Independent School District; and Julian Gonzales in his Official Capacity as Trustee of the Southside Independent School District, Appellees.**

No. 3–91–016–CV.

Court of Appeals of Texas, Austin.

Aug. 14, 1991.

Rehearing Overruled Sept. 11, 1991.

James M. Heidelberg, San Antonio, for appellant.

John T. Fleming, Austin, for appellees.

Before CARROLL, C.J., and JONES and SMITH, JJ.

PER CURIAM.

The issue in this cause is whether a motion for summary judgment states specific grounds as required by Texas Rule of Civil Procedure 166a(c). Appellant John S. McConnell sued appellees Southside Independent School District; David S. Smith, Miguel M. Fernandez, Sammie Kerby, Joe L. Weiss, Mack C. Stallcup, Gilbert P. Arredondo in their individual and official capacities as trustees of the Southside Independent School District; and Julian Gonzales in his official capacity as trustee of the Southside Independent School District.[1] The district court rendered a take-nothing summary judgment against McConnell from which he appeals by a single point of error.

The Southside Independent School District employed McConnell as a teacher, but

1. McConnell erroneously lists the Central Edu-     cation Agency as an appellee. The Central Edu-

the district failed to renew his contract for the 1983–1984 school year. McConnell appealed to the district's board of trustees, which denied him any relief. *See* The Term Contract Nonrenewal Act, 1981 Tex.Gen. Laws, ch. 765, at 2847 [Tex.Educ.Code §§ 21.201–.211, since amended]. McConnell appealed the board of trustees' decision to the commissioner of education and subsequently to the state board of education, arguing that the failure to grant him a continuance during the hearing before the board of trustees violated fourteenth amendment due process guarantees. Both the commissioner of education and the state board of education denied McConnell's appeals. *See id.*

McConnell filed suit in state district court, appealing the final order of the state board of education and asserting de novo claims of deprivation of fourteenth amendment due process guarantees. The state district court dismissed the appeal due to McConnell's failure to file an adequate motion for rehearing with the state board of education. *See* Administrative Procedure and Texas Register Act, 1975 Tex.Gen. Laws, ch. 61, § 16(e), at 145 [Tex.Rev.Civ. Stat. art. 6252–13a, § 16(e), since amended]. McConnell's de novo claims of deprivation of fourteenth amendment due process guarantees were removed to federal district court by appellees, but were subsequently remanded to state court. The state district court granted appellees' motion for summary judgment, which is the subject of this appeal.

In his sole point of error, McConnell alleges that the state district court erred in granting summary judgment because appellees' motion for summary judgment did not state the specific grounds as required by Texas Rule of Civil Procedure 166a(c). Tex.R.Civ.P.Ann. 166a(c) (Supp.1991).[2] The motion for summary judgment is accompanied by a twelve-page brief in support, which details the grounds for the summary judgment.

McConnell does not attack the specificity of the brief in support of the motion for summary judgment, but merely the fact that the specific grounds are not contained in the motion itself. The supreme court has stated that the summary judgment movant must expressly set out the ground for summary judgment in writing *"in the motion or in an answer or any other response."* *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 677 (Tex.1979) (emphasis original). We hold that Rule 166a allows a summary judgment movant to set out the specific grounds for summary judgment in a brief served on all parties contemporaneously with the motion itself. *See* Tex.R.Civ.P.Ann. 1 (1979) (rules are to be given a liberal construction). McConnell's sole point of error is overruled.

The judgment of the trial court is affirmed.

---

cation Agency is named as a defendant in McConnell's original petition, but was omitted from his first amended original petition. The Central Education Agency, therefore, is no longer a party to this lawsuit. *See* Tex.R.Civ.P.Ann. 62, 64, 65 (1979).

2. The motion for summary judgment is as follows:

Defendants, SOUTHSIDE INDEPENDENT SCHOOL DISTRICT, ET AL., in accordance with Rule 166a of the Texas Rules of Civil Procedure, move this Court for summary judgment in the above entitled action on the grounds that there are no genuine issues as to material facts and that these Defendants are entitled to a judgment dismissing Plaintiff's amended complaint as a matter of law. The Defendants respectfully request this Court to enter a summary judgment based on the pleadings on file, this [sic] Brief in Support, containing the undisputed facts and conclusions of law as required by the Local Rules, and transcripts, together with affidavits submitted along with this Motion, or in the alternative to specify what, if any, facts remain to be determined.