**FREEDOM COMMUNICATIONS, INC. (Formerly Freedom Newspapers, Inc.) d/b/a The Monitor and R. Daniel Cavazos, Appellants,**

v.

**Othal E. BRAND, Sr., Appellee.**

**Nos. 13–94–207–CV, 13–94–599–CV.**

Court of Appeals of Texas, Corpus Christi.

Aug. 3, 1995.

Rehearing Overruled Sept. 21, 1995.

**616**

Lisa D. Powell, Gary L. Gurwitz, Rex N. Leach, Atlas & Hall, McAllen, John A. Bussian, III, Durham, Jeffery T. Nobles, Haynes and Boone, L.L.P., Houston, for appellants.

R.W. Armstrong, R.W. Armstrong & Associates, Brownsville, Brian Turner, Austin, John L. Barnes, Houston, for appellee.

Before FEDERICO G. HINOJOSA, Jr., CHAVEZ and RODRIGUEZ, JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

Freedom Communications, Inc. publishes *The Monitor,* a daily newspaper in McAllen, Texas. Othal E. Brand, Sr., the Mayor of McAllen, sued the newspaper for libel allegedly ensuing from a column written by the newspaper's editor, R. Daniel Cavazos. Cavazos wrote five editorials which appeared in *The Monitor* between June 7, 1992 and April 11, 1993. Brand alleged generally that the editorials constituted a personal and malicious attack on his character and impliedly accused him of criminal conduct and dishonesty in office. Specifically, Brand alleged that one editorial implied that Brand engaged in the same conduct as George Parr, a South Texas politician who was convicted of criminal acts.

Appellants moved for summary judgment on January 26, 1994. The trial court denied the motion on March 23, 1994, and appellants perfected interlocutory appeal Case No. 13–94–207–CV. On December 22, 1994, we af-

firmed the trial court's ruling and subsequently overruled appellants' motion for rehearing.

On June 7, 1994, appellants filed a second "Defendants' Motion for Summary Judgment." The trial court denied this second motion, and appellants perfected interlocutory appeal Case No. 13–94–599–CV.

The parties, in a joint motion, asked us to vacate our judgment in Case No. 13–94–207–CV and requested that we consolidate Case No. 13–94–207–CV with Case No. 13–94–599–CV. On March 2, 1995, we granted the parties' joint motion. We withdrew our opinion and vacated our judgment in Case No. 13–94–207–CV. We also consolidated Case No. 13–94–207–CV with Case No. 19–94–599–CV. We will address each appeal separately.

### Interlocutory Appeals

■ Under Texas procedure, appeals are allowed only from final orders or judgments. *Jack B. Anglin Co. v. Tipps,* 842 S.W.2d 266, 272 (Tex.1992); *North East Ind. Sch. Dist. v. Aldridge,* 400 S.W.2d 893, 895 (Tex.1966). Unless a statute specifically authorizes an interlocutory appeal, Texas appellate courts have jurisdiction only over final judgments. *Cherokee Water Co. v. Ross,* 698 S.W.2d 363, 365 (Tex.1985) (orig. proceeding); *Aldridge,* 400 S.W.2d at 895. Section 51.014(6) of the Texas Civil Practice and Remedies Code specifically allows appeal of an interlocutory order that, "denies a motion for summary judgment that is based in whole or in part upon a claim against or defense by a member of the electronic or print media, acting in such capacity, or a person whose communication appears in or is published by the electronic or print media, arising under the free speech or free press clause of the First Amendment to the United States Constitution, or Article 1, Section 8, of the Texas Constitution." Tex. Civ.Prac. & Rem.Code § 51.014(6) (Vernon Supp.1995). We conclude that we have jurisdiction to review both appeals.

### Standard of Review

The standards for reviewing a motion for summary judgment are well established:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

■ Upon appeal of a summary judgment, the question is not whether the summary judgment proof raises a fact issue, but whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of material fact as to one or more of the essential elements of plaintiff's cause of action. *Muñoz v. Gulf Oil Co.,* 693 S.W.2d 372, 373 (Tex.1984); *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex. 1970).

■ A defendant who moves for summary judgment must show that the plaintiff has no cause of action. A defendant may meet this burden by either 1) disproving at least one essential element of each theory of recovery, or 2) conclusively proving all elements of an affirmative defense. *Mitchell v. City of Dallas,* 855 S.W.2d 741, 748 (Tex. App.—Dallas 1993), *aff'd,* 870 S.W.2d 21 (Tex.1994). If the defendant is the movant, and he submits summary judgment evidence disproving at least one element of the plaintiff's case, then summary judgment should be granted. *Tirres v. El Paso Sand Products, Inc.,* 808 S.W.2d 672, 674 (Tex.App.—El Paso 1991, writ denied); *Bradley v. Quality Service Tank Lines,* 659 S.W.2d 33, 34 (Tex. 1983).

■ The scope of review and appeal from summary judgment is limited. Issues not expressly presented to the trial court by written motion, answer, or other response shall not be considered on appeal as grounds for reversal. Tex.R.Civ.P. 166a(c); *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979).

■ The motion for summary judgment shall state the specific grounds on which judgment is sought, and a summary judgment may not be granted on grounds which are not raised by the movant in his motion. TEX.R.CIV.P. 166a(c); *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 339 (Tex.1993). A motion for summary judgment must stand or fall on the grounds expressed therein. *McConnell,* 858 S.W.2d at 341. In determining whether grounds are expressly presented, reliance may not be placed on briefs or summary judgment evidence. *Id.*

■ Summary judgments must stand or fall on their own merits. The non-movant's failure to except or respond cannot supply by default the grounds for summary judgment or the summary judgment proof necessary to establish the movant's entitlement to summary judgment. *Id.* at 342; *Clear Creek,* 589 S.W.2d at 678. Even if the nonmovant fails to except or respond, if the grounds for summary judgment are not expressly presented in the motion for summary judgment itself, the motion is legally insufficient as a matter of law. *McConnell,* 858 S.W.2d at 342.

### Case No. 13–94–207–CV

By their first point of error, appellants complain that the trial court erred by denying their first motion for summary judgment. By their second point of error, appellants complain that the trial court erred by failing to rule that the statements made by appellants are protected by the First Amendment to the United States Constitution. By their third point of error, appellants complain that the trial court erred by failing to rule that the statements made by appellants are protected by Article 1, Section 8 of the Texas Constitution.

Appellants' first motion for summary judgment states, in relevant part, as follows:

### I.

The summary judgment record properly before this Court makes it clear that the language challenged by the plaintiff, a public official, (See attached Exhibit "A") in the editorial published by the FREEDOM DEFENDANTS carries absolute protection from liability under the First Amendment and the Texas Constitution and is not actionable as a matter of law.

### II.

Therefore, the FREEDOM DEFENDANTS are entitled to summary judgment on all of MAYOR BRAND's claims, as more fully set forth in the Defendants' supporting memorandum of law.

WHEREFORE, PREMISES CONSIDERED, the FREEDOM DEFENDANTS respectfully request that this motion be set for hearing and, that upon consideration of this Motion for Summary Judgment that this Motion be, in all things, GRANTED, and that judgment be entered in favor of the FREEDOM DEFENDANTS, and that the FREEDOM DEFENDANTS be granted such other and further relief, legal or equitable, special or general, to which they may be entitled.

The sole specific ground presented by the motion asserts "the language challenged by the plaintiff, a public official . . . carries absolute protection from liability under the First Amendment and the Texas Constitution and is not actionable as a matter of law." Attached to the motion is a City of McAllen ordinance which summarizes election results to demonstrate that the plaintiff is the Mayor of McAllen and thus a public figure.

In *McConnell,* Southside Independent School District moved for summary judgment, stating in its motion only that there were "no genuine issues as to any material facts and that [they] are entitled to a judgment dismissing Plaintiff's amended complaint as a matter of law." Specific grounds were expressly presented and urged in the twelve page brief in support of the motion. McConnell filed a written exception to the motion, arguing that the motion was defective in that it failed to present any grounds. The trial court overruled the exception and rendered summary judgment for the school district. The court of appeals affirmed, holding that Rule 166a allows a summary judgment movant to set forth the specific grounds for summary judgment in a brief accompany-

ing the motion. *McConnell v. Southside Ind. Sch. Dist.,* 814 S.W.2d 247, 248 (Tex.App.— Austin 1991).

The Texas Supreme Court reversed the Austin Court of Appeals. The supreme court held that specific grounds for summary judgment must be expressly presented in the motion for summary judgment and not in a brief filed contemporaneously with the motion or in the summary judgment evidence. *McConnell,* 858 S.W.2d at 341. The supreme court stated:

> If this court intended Rule 166a(c) to permit a summary judgment movant to place, or possibly hide, grounds for summary judgment in a brief filed in support of the motion or in accompanying summary judgment evidence, the Rule could have easily provided: "The motion for summary judgment *or the brief in support thereof or the summary judgment evidence* shall state the specific grounds therefor." Rule 166a(c), however, does not so ·provide. "[W]e are not free to disregard ... [the rule's] plain language. Nor should we revise the rule by opinion." *Alvarado v. Farah Mfg. Co., Inc.,* 830 S.W.2d 911, 915 (Tex.1992). (footnote omitted). Although Rule 166a(c) is an admittedly rigorous rule, it must be applied as written." (Emphasis in original).

■ Similarly, appellants failed to present specific grounds in their first motion for summary judgment; instead, appellants urged several grounds in the accompanying brief. Accordingly, we hold that appellants' first motion for summary judgment stated no grounds and is legally insufficient as a matter of law. We overrule appellants' first, second, and third points of error.

### Case No. 13–94–599–CV

By their first point of error, appellants complain that the trial court erred by denying their second motion for summary judgment. By their second point of error, appellants complain that the trial court erred by denying their second motion for summary judgment because the statements made by appellants were made without actual malice and about a public figure, and hence were protected under the First Amendment to the United States Constitution and Article 1 of the Texas Constitution.

Appellants' second motion for summary judgment is virtually identical to the first motion for summary judgment, only slightly modified. The motion states as follows:

> COME NOW Defendants, FREEDOM COMMUNICATIONS, INC. D/B/A/ *THE MONITOR* and R. DANIEL CAVAZOS (collectively, the "Freedom Defendants") and respectfully submit this Motion for Summary Judgment.
>
> The summary judgment record properly before this Court makes it clear that the language challenged by the Plaintiff in the editorial published by the FREEDOM DEFENDANTS carries absolute protection from liability under the First Amendment and the Texas Constitution *as none of the challenged statements was published with actual malice.* (Emphasis ours).
>
> Therefore, the FREEDOM DEFENDANTS are entitled to summary judgment on all of THE MAYOR's claims, as more fully set forth in the Defendants' supporting memorandum of law.

■ By refuting the existence of actual malice, appellants attempt to disprove an essential element of appellee's theory of recovery. We hold that appellants' second motion for summary judgment sufficiently states a specific ground on which summary judgment is sought.

The dispute involves the publication of a series of articles concerning Brand's performance as Mayor of McAllen, Texas. The only issue raised by the motion and response is the existence of actual malice. We next review appellants' summary judgment evidence to determine if appellants met their burden of disproving actual malice.

■ A public official cannot recover damages for defamation unless he proves by clear and convincing evidence that the defendant published false and defamatory statements about him with actual malice. *Casso v. Brand,* 776 S.W.2d 551, 554 (Tex.1989); *see Brady v. Cox Enter., Inc.,* 782 S.W.2d 272, 275 (Tex.App.—Austin 1989, writ denied). Actual malice does not include ill will,

spite or evil motive. *Casso,* 776 S.W.2d at 558. It is the making of a statement with knowledge that it is false or with reckless disregard of whether it is true. *Carr v. Brasher,* 776 S.W.2d 567, 571 (Tex.1989). The complainant in a defamation case must show that the declarant knew the statements were false or that the declarant acted with reckless disregard of whether they were false or not. *Casso,* 776 S.W.2d at 559 (citing *New York Times Co. v. Sullivan,* 376 U.S. 254, 279–80, 84 S.Ct. 710, 725–26, 11 L.Ed.2d 686 (1964)); *see Martin v. Southwestern Elec. Power Co.,* 860 S.W.2d 197, 199 (Tex. App.—Texarkana 1993, writ denied); *Johnson v. Southwestern Newspapers Corp.,* 855 S.W.2d 182, 187 (Tex.App.—Amarillo 1993, writ denied).

"Reckless disregard" is defined as a high degree of awareness of probable falsity, for proof of which the plaintiff must present "sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication." *St. Amant v. Thompson,* 390 U.S. 727, 731, 88 S.Ct. 1323, 1325, 20 L.Ed.2d 262 (1968); *Carr,* 776 S.W.2d at 571; *Casso,* 776 S.W.2d at 558; *see Brady,* 782 S.W.2d at 276. A statement can also be defamatory by implication. *Mitre v. Brooks Fashion Stores, Inc.,* 840 S.W.2d 612, 620 (Tex.App.—Corpus Christi 1992, writ denied); *see also* Restatement (Second) Torts § 565 cmt. b. (1977) (noting that a person "may be defamed ... by attributing to him the characteristics of literary or historical figures of ill repute"). Actual malice can neither be "inferred from falsity" of the challenged statement alone, *see Martin,* 860 S.W.2d at 200, nor from the frequency of a publisher's criticism of a public official's performance.

Brand does not dispute that he is a public official. The summary judgment evidence shows that Brand is a public official.

In his first amended petition, Brand asserted defamation, false light, and intentional infliction of emotional distress claims. In his second amended petition, Brand dropped his false light claim. Brand complains particularly of an editorial written by Cavazos and published by *The Monitor* on December 15, 1992, entitled "McAllen: Whose City Government Is It, Anyway?" According to Brand, the editorial compares him to "the Duke of Duval County—George Parr" and accuses him of, "among other things, continuing 'boss rule' in South Texas, denigrating democracy, publicly ridiculing persons for no reason, and launching an intensely personal campaign of raw and ugly meanness against a *Monitor* reporter." The editorial and several other articles [1] all allegedly contain actionable defamatory language which accuses Brand of criminal misconduct and dishonesty and constitutes a personal attack on his reputation and integrity.

Appellants alleged in their second motion for summary judgment that none of the challenged statements were published with actual malice. In their supporting memorandum, appellants contend that the editorials contained opinions of editor Cavazos and that the uncontroverted testimonial evidence provided by Cavazos negates actual malice as a matter of law. Appellants contend 1) that the summary judgment evidence proves that they entertained no serious doubts as to the truth of the publication, and 2) that Brand has failed to show that the publication was made with knowledge that it was false or with reckless disregard whether it was false or not.

Appellants' summary judgment evidence includes the affidavit of Cavazos, who states that during the period in question, Othal Brand was serving as Mayor of McAllen and was campaigning for re-election to that public office. The affidavit further states:

> The factual statements in the editorials were based on actions I witnessed first-

---

1. Between June 1992 and April 1993, Cavazos authored five articles. These articles appeared in *The Monitor* on the following dates: 1) June 7, 1992, "Tune In On Othal's World," 2) December 15, 1992, "McAllen: Whose City Government Is It, Anyway?" 3) January 3, 1993, "McAllen Commission's Action Welcomed," 4) March 28, 1993, "Boss Rule Being Challenged," and 5) April 11, 1993, "Fear Factor Mars Campaign." The original petition and second amended petition also complain of a sixth article entitled "Brand's Behavior Means An Apology Is In Order."

hand and information I was provided by *Monitor* reporter Buck Sralla.

Through *Monitor* reporter Buck Sralla, I learned that at the December 15, 1992, meeting of the McAllen City Commission, the Plaintiff said to McAllen citizen Norman Simmons, "I don't have outsiders come in here and talk" ... "Don't come back to these meetings, Norman." ... "I don't want to see you around City Hall and I don't want to see you at these meetings, you (S.O.B.), or I'll throw your a— in jail."

Through *Monitor* reporter Buck Sralla, I learned that in a December 23, 1992, workshop of the McAllen City Commission, the Plaintiff said to *Monitor* reporter Buck Sralla, "I will not, as the presiding officer, tolerate your (Sralla's) barking when it interferes with our meetings," ... "You feel you have a right to bark all you want to and we can't do anything about it."

The opinions expressed in the editorial were my opinions, based on the facts reported in the editorials, of Plaintiff's actions as mayor and of his campaign for reelection.

Neither I nor anyone employed by FREEDOM COMMUNICATIONS, INC., or *THE MONITOR* had knowledge of any

inaccuracies in my reporting the actions of THE MAYOR.

Neither I nor anyone employed by FREEDOM COMMUNICATIONS, INC., or *THE MONITOR* had serious doubts about the accuracy of any of the statements made in the editorials.

The editorials at issue were written and published in good faith to inform *THE MONITOR*'s readers about a matter of public concern.

I did not at the time of the publication of the subject editorials and do not now bear any personal ill will toward MAYOR BRAND.

Brand, in his response to appellants' second motion for summary judgment, sought to negate the absence of actual malice by arguing that his published comments were taken out of context and that Cavazos failed to investigate the truth of his reporting. Brand specifically argued that appellants implicitly accused him of criminal conduct by comparing him to George Parr. Brand's response to appellants' second motion for summary judgment is supported by Brand's affidavit,[2] a copy of the article entitled "McAllen: Whose City Government Is It, Anyway?",[3] and a copy of a published letter to the editor written by McAllen citizen Norm Clark regarding the same article.[4] Brand also attached a

2. Brand's affidavit states, in relevant part:
   I was present during both incidents reported by *The Monitor* in the article entitled "Whose Government Is It, Anyway?" Based on my personal knowledge, the two incidents reported in this article, namely the incident with Norman Simmons and the incident with Buck Sralla, were both taken and published out of context as the events actually occurred.

3. The article's first paragraph states:
   It has been said that boss rule in South Texas went out with the Duke of Duval County—George Parr. That's wrong. McAllen still has Othal Brand as its mayor.

4. The letter, published on January 6, 1993, states as follows:
   To the Editor:
   *The Monitor*'s front page story on Sunday, Dec. 27, was frightening with your uncalled for comparison in your first paragraph. Your unwritten, but implied, statement that McAllen Mayor Othal Brand is dishonest just is not his character.
   Any person with any experience in public service realizes it is necessary to have order in proceedings for elected officials to conduct

business without disruption during discussion. Other comments can occur as provided by rules in effect.
   You covered again, unnecessarily it seems, the vocal response of Mayor Brand regarding Norman Simmons. While most (or majority) do not condone such language, were existing rules followed on this or prior times?
   Your eight paragraphs relating to reporter Buck Sralla's condition seemed more like a personal vendetta against the mayor, even if your statements are 100 percent accurate. One can't help wondering why the editor and employee can't work out some solution to a seemingly constant problem over which Mr. Sralla unfortunately has no control. Having attended a few commission meetings, I realize these disruptions are difficult to ignore. With the PA system that has a mike at each chair in use, even discussion is audible in any area of the meeting room.
   In your final paragraph, you state, "The people of McAllen have yet to answer. Their silence is deafening." I believe you may be right; one wonders what the editor will publish?
   The news media's duty is to report news, *not* to make news.

copy of the transcript from Cavazos' deposition, wherein Cavazos admitted that he knew that Parr had been indicted for tax evasion, that Brand had not, and that he did not consider Brand as dishonest as Parr, a tax evader. Brand contends that because Cavazos' credibility is in issue, summary judgment is inappropriate.

A complainant must show substantially more than that his statements were taken out of context. *See Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 517–18, 111 S.Ct. 2419, 2433, 115 L.Ed.2d 447 (1991). Also, failure to investigate, without more, cannot establish actual malice. *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 343, 94 S.Ct. 2997, 3008, 3009, 41 L.Ed.2d 789 (1974). There must be evidence at least that the defendants purposefully avoided the truth. *See Harte–Hanks Communications, Inc. v. Connaughton*, 491 U.S. 657, 685, 109 S.Ct. 2678, 2694, 105 L.Ed.2d 562 (1989). That a defendant "failed to verify" information, without more, cannot constitute proof of actual malice. *Id.; St. Amant*, 390 U.S. at 732–33, 88 S.Ct. at 1326–27; *Doubleday & Co., Inc. v. Rogers*, 674 S.W.2d 751, 756 (Tex.1984); *El Paso Times, Inc. v. Trexler*, 447 S.W.2d 403, 406 (Tex.1969). A libel plaintiff must present concrete evidence that establishes with convincing clarity that the defendant in fact entertained serious doubts as to the truth of his publication. *St. Amant*, 390 U.S. at 731, 88 S.Ct. at 1325–26. Evidence that some readers of the paper question its credibility does not by itself evidence the declarant's reckless disregard for the truth to demonstrate actual malice.

A defendant's affidavit setting forth the absence of actual malice is sufficient to carry the summary judgment movant's burden of proof. *Casso*, 776 S.W.2d at 558. The summary judgment rule permits the granting of a summary judgment on the basis of uncontroverted testimonial evidence of an interested witness, if that evidence is clear, positive, direct, otherwise credible and free from contradictions and inconsistencies,

and could have been readily controverted. Tex.R.Civ.P. 166a(c); *Casso*, 776 S.W.2d at 558; *Carr*, 776 S.W.2d at 571; *see Johnson*, 855 S.W.2d at 188 (affidavit of reporter and editorial staff that they believed article to be factually correct sufficient to preclude finding of actual malice); *Brady*, 782 S.W.2d at 276 (reporter's affidavit sufficient to defeat charge of actual malice in absence of contrary evidence).

After a thorough review of the summary judgment evidence, we hold that appellants presented sufficient evidence to disprove actual malice as a matter of law. We also hold that Brand presented no controverting proof that Cavazos or *The Monitor* believed that the statements in question were false or published with disregard for the truth. Accordingly, the trial court erred in denying appellants' second motion for summary judgment.[5] We sustain appellants' first and second points of error.

We AFFIRM the trial court's order denying summary judgment in Case No. 13–94–207–CV. We REVERSE the trial court's order denying summary judgment in Case No. 13–94–599–CV and REMAND the case to the trial court for entry of summary judgment.

---

5. The question of whether or not a plaintiff has made a showing of actual malice sufficient to defeat a motion for summary judgment is a question of law. *See Harte–Hanks*, 491 U.S. at 685, 109 S.Ct. at 2694 ("The question of whether the evidence in the record in a defamation case is sufficient to support a finding of actual malice is a question of law.").