Meru v. Huerta
















NUMBER 13-01-00556-CV
 
COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG
                                                                                                                       

ARTHUR MERU,                                                                           Appellant,

v.

ALBERT HUERTA, STEVE HASTINGS,
DOUG ALLISON, AND GUY ALLISON,                                      Appellees.
                                                                                                                       

On appeal from the 319th District Court of Nueces County, Texas.
                                                                                                                       

O P I N I O N

Before Justices Hinojosa, Yañez, and Castillo
Opinion by Justice Hinojosa

          Appellant, Arthur Meru, sued appellees, Albert Huerta, Steve Hastings, Doug
Allison, and Guy Allison, for breach of contract and misrepresentation. Appellees filed a
motion for summary judgment, and the trial court granted the motion without specifying the
ground or grounds relied on for its ruling. In four issues, appellant contends the trial court
erred in granting the motion. We affirm in part and reverse and remand in part.
          Appellant asserts that: (1) he was employed by appellees as an investigator and
legal assistant from 1984 to 1997; (2) his duties included investigating current and potential
cases and interviewing witnesses, family members, and other key individuals; (3) in
addition to his base salary, appellees agreed to pay appellant a bonus, contingent upon
the successful outcome of the cases on which he performed legal assistance and
investigative services; and (4) the practice of paying bonuses in addition to base salary was
common for appellees. Appellant claims he is owed compensation for the “Tomlinson” and
“Hastings” cases.
          When we review the granting of a motion for summary judgment, we determine
whether the trial court granted the motion on traditional or “no-evidence” grounds. Hamlett
v. Holcomb, 69 S.W.3d 816, 818 (Tex. App.–Corpus Christi 2002, no pet.). This distinction
must be made to avoid improperly shifting the burden of proof. Id. at 819.
A. No-Evidence Motion for Summary Judgment
          Without asserting further specificity, appellees stated the following as their first
ground for summary judgment:
Rule 166a(i).
 
Under the Texas Rules of Civil Procedure, a litigant has the right to demand
that his opponent show evidence as to the essential elements of his claim. 
Tex. R. Civ. P. 166a(i).
 
Defendants demand, pursuant to Rule 166a(i), that Plaintiff show evidence
at this time. 
 
           A party filing a motion for summary judgment under rule of civil procedure 166a(i)
must fulfill certain specific procedural requirements. Tex. R. Civ. P. 166a(i); Oasis Oil Corp.
v. Koch Ref. Co. L.P., 60 S.W.3d 248, 252 (Tex. App.–Corpus Christi 2001, pet. denied). 
A no-evidence motion for summary judgment must state the elements of the claim as to
which there is no evidence. Tex. R. Civ. P. 166a(i). This requirement is strictly construed. 
Michael v. Dyke, 41 S.W.3d 746, 751 n.3 (Tex. App.–Corpus Christi 2001, no pet.). Rule
166a(i) does not authorize conclusory motions or general no-evidence challenges to an
opponent’s case. Tex. R. Civ. P. 166a cmt.; Oasis Oil, 60 S.W.3d at 252.
          Appellees’ motion for summary judgment does not state the elements of the claim
as to which there is no evidence. Appellees’ demand “that Plaintiff show evidence at this
time” is nothing more than a “conclusory” motion or “general” no-evidence challenge, which
the rule specifically prohibits. See Tex. R. Civ. P. 166a cmt; see also McConnell v.
Southside Indep. Sch. Dist., 858 S.W.2d 337, 342 (Tex. 1993); Freedom Communications,
Inc. v. Brand, 907 S.W.2d 614, 618 (Tex. App.–Corpus Christi 1995, no writ) (motion that
fails to present grounds is legally insufficient as a matter of law). Therefore, we hold that
appellees’ no-evidence motion for summary judgment is insufficient as a matter of law and
did not impose a duty on appellant to respond.
          Where a motion for summary judgment does not strictly comply with the
requirements of rule 166a(i), it will be construed as a traditional summary judgment motion. 
Michael, 41 S.W.3d at 750. Therefore, we construe appellees’ motion as a traditional
motion for summary judgment and review it accordingly.
B. Traditional Motion for Summary Judgment
          We review the granting of a traditional motion for summary judgment de novo. See
Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994); Alejandro v. Bell, 84 S.W.3d
383, 390 (Tex. App.–Corpus Christi 2002, no pet.). To prevail, the moving party has the
burden of showing that there is no genuine issue of material fact and that he is entitled to
judgment as a matter of law. Tex. R. Civ. P. 166a(c); Lear Siegler, Inc. v. Perez, 819
S.W.2d 470, 471 (Tex. 1991). In deciding whether there is a genuine issue of material
fact, evidence favorable to the nonmovant will be taken as true, and all reasonable
inferences made, and all doubts resolved, in his favor. Am. Tobacco Co. v. Grinnell, 951
S.W.2d 420, 425 (Tex. 1997). Summary judgment is proper if the movant disproves at
least one element of each of the plaintiff’s claims or affirmatively establishes each element
of an affirmative defense to each claim. Id.; Branton v. Wood, 100 S.W.3d 645, 646 (Tex.
App.–Corpus Christi 2003, no pet.). A defendant moving for summary judgment on an
affirmative defense has the burden of conclusively establishing that defense. Velsicol
Chem. Corp. v. Winograd, 956 S.W.2d 529, 530 (Tex. 1997). The nonmovant has no
burden to respond to a traditional motion for summary judgment, unless the movant
conclusively establishes its cause of action or defense. M.D. Anderson Hosp. & Tumor
Inst. v. Willrich, 28 S.W.3d 22, 23 (Tex. 2000).
          When a trial court’s order granting a motion for summary judgment does not specify
the ground or grounds relied on for its ruling, the appellate court will affirm the summary
judgment if any of the theories advanced in the motion are meritorious. Dow Chem. Co.
v. Francis, 46 S.W.3d 237, 242 (Tex. 2001); Boren v. Bullen, 972 S.W.2d 863, 865 (Tex.
App.–Corpus Christi 1998, no pet.). Likewise, where the order granting the summary
judgment does not state the grounds upon which it was granted, the nonmovant must show
on appeal that each independent ground alleged is insufficient to support the summary
judgment. Malooly Bros., Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970); Williams v. City
of Dallas, 53 S.W.3d 780, 784 (Tex. App.–Dallas 2001, no pet.).
1. Limitations Defense
          As their second ground for summary judgment, appellees asserted that appellant’s
claim for compensation in the Tomlinson case was barred by limitations. In his third issue
on appeal, appellant contends that appellees did not establish their limitations defense as
a matter of law.
          Appellant filed his original petition on December 17, 1998. Appellees argue that
because the Tomlinson case settled in 1993, and both breach-of-contract and
misrepresentation causes of action are subject to a four-year limitations period, appellant’s
causes of action as to the Tomlinson case are barred by limitations.


 See Tex. Civ. Prac.
& Rem. Code Ann. § 16.004(a)(3)-(4) (Vernon 2002).
          By moving for summary judgment on their affirmative defense of limitations,
appellees had the burden to conclusively establish the applicability of the defense. See
Zale Corp. v. Rosenbaum, 520 S.W.2d 889, 891 (Tex. 1975). As part of this burden,
appellees had to establish as a matter of law the date upon which limitations commenced. 
See KPMG Peat Marwick v. Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex.
1999); Salazar v. Amigos Del Valle, Inc., 754 S.W.2d 410, 412 (Tex. App.–Corpus Christi
1988, no writ). The issue of when a cause of action accrues is a question of law for the
court. Moreno v. Sterling Drug, Inc., 787 S.W.2d 348, 351 (Tex. 1990). 
          In support of their limitations argument, appellees presented the affidavit of Steve
Hastings as summary judgment evidence. Hastings’ affidavit states that the Tomlinson
case was settled in 1993. Appellant subsequently filed a certified copy of an order which
showed that the Tomlinson case was dismissed by the 117th District Court of Nueces
County on November 29, 1994.
          The date the Tomlinson case settled is not the date when any alleged contract was
breached or when any fraud was discovered. See Pickett v. Keene, 47 S.W.3d 67, 77
(Tex. App.–Corpus Christi 2001, no pet.) (statute of limitations on a claim for breach of
contract begins to run only when the injured party elects to treat the contract as
terminated); In re Estate of Herring, 970 S.W.2d 583, 587 (Tex. App.–Corpus Christi 1998,
no pet.) (statute of limitations does not commence to run until the fraud is discovered or
until it might have been discovered by the exercise of reasonable diligence). A cause of
action generally accrues, and the statute of limitations begins to run, when facts come into
existence that authorize a claimant to seek a judicial remedy. Johnson & Higgins of Tex.,
Inc. v. Kenneco Energy, Inc., 962 S.W.2d 507, 514 (Tex. 1998); see also Atkins v. Tinning,
865 S.W.2d 533, 535 (Tex. App.–Corpus Christi 1993, writ denied) (cause of action for
breach of contract accrues, not at formation of contract, but at breach itself). Appellees
failed to present any evidence establishing when they received their share of the
settlement proceeds from the Tomlinson case. Thus, appellees failed to establish as a
matter of law when appellant’s claims accrued. See KPMG Peat Marwick, 988 S.W.2d at
748; Salazar, 754 S.W.2d at 412.
          Accordingly, appellees failed to conclusively prove each element of their affirmative
defense of limitations. See Winograd, 956 S.W.2d at 530. We conclude that the trial court
could not have appropriately granted summary judgment on this ground. Appellant’s third
issue is sustained.
2. Judicial Admission of No Claim
          As their fourth ground for summary judgment, appellees asserted that appellant had
attempted to obtain perjurious testimony to support his contract claims, and that such
conduct amounts to an admission that his claims are without merit.


 In his fourth issue on
appeal, appellant challenges appellees’ assertion that appellant judicially admitted his
claims are without merit.
          In support of their assertion, appellees presented the transcript of a telephone
conversation between appellant and his former girlfriend, Priscilla Lopez. The transcript
apparently references a prior conversation in which appellant tried to obtain a statement
from Lopez to support his prospective lawsuit against appellees for breach of contract.
          In their summary judgment reply brief, appellees argue that appellant’s conduct
amounted to spoliation of evidence. Specifically, they contend that by seeking to induce
Lopez to perjure herself to bolster his claims, appellant despoiled his case, or, stripped it
of value. Appellees assert that they have raised a fact question as to spoliation, and
because appellant has failed to rebut that presumption, appellees should prevail as a
matter of law on their spoliation defense.
          Spoliation of evidence, by its nature, is an evidentiary question. Thus, the question
of whether appellant despoiled his evidence is better remedied within the context of the
core cause of action in the form of sanctions or a spoliation presumption jury instruction. 
See Trevino v. Ortega, 969 S.W.2d 950, 954 (Tex. 1998) (Baker, J., concurring). We
refuse to transform a sanctionable act or presumption into a conclusively established fact
for summary judgment purposes. Kang v. Hyundai Corp. (U.S.A.), 992 S.W.2d 499, 502
(Tex. App.–Dallas 1999, no pet.) (spoliation is not a proper ground for a 166a(c) summary
judgment because it does not relieve a defendant from the burden of negating at least one
essential element of each claim pleaded as a matter of law). Therefore, we hold that
appellees’ spoliation argument, and accompanying proof, is insufficient to sustain summary
judgment because it fails to disprove at least one element of either of appellant’s claims. 
See Branton, 100 S.W.3d at 646. Accordingly, we conclude that the trial court could not
have appropriately granted summary judgment on this ground. Appellant’s fourth issue is
sustained.
3. Failure to Establish a Claim
a. Misrepresentation
          In his first issue on appeal, appellant contends that appellees’ summary judgment
proof does not address his misrepresentation cause of action. Appellees argue that their
“rule 166a(i) motion” addressed appellant’s misrepresentation cause of action and that
appellant had the burden to present evidence of the alleged misrepresentation. However,
we have already held that appellees’ motion is insufficient as a matter of law because it
fails to comply with the requirements of Rule 166a(i).
          In a traditional motion for summary judgment, the moving party has the burden of
showing that there is no genuine issue of material fact and that he is entitled to judgment
as a matter of law. Tex. R. Civ. P. 166a(c); Lear Siegler, Inc., 819 S.W.2d at 471. After
reviewing the record, we conclude that appellees failed to produce any evidence regarding
appellant’s misrepresentation cause of action. Accordingly, the trial court erred in granting
summary judgment on appellant’s misrepresentation claim.


 Appellant’s first issue is
sustained.
b. Breach of Contract
          As their third ground for summary judgment, appellees asserted that appellant was
unable to establish his claim for breach of contract because he had neither pleaded nor
produced any evidence of a sum certain amount owed to him. In support of this assertion,
appellees presented specific portions of appellant’s deposition where he testified that he
was supposed to have received “close to . . . six hundred thousand” for the Tomlinson case
and “somewhere in the neighborhood of a million dollars” or “double the amount of what
[he] was supposed to receive in the Tomlinson case” for his work on the Hastings case. 
Appellees asserted that any alleged oral agreement could not be enforced due to
indefiniteness of material terms.
          In his second issue on appeal, appellant contends that the summary judgment
evidence created a genuine issue of material fact concerning his agreement with
appellees. Thus, appellant argues, the trial court erred in rendering summary judgment on
the issue.
          Whether parties intended to enter into a binding contract is generally a question of
fact. Farah v. Mafrige & Kormanik, P.C., 927 S.W.2d 663, 678 (Tex. App.–Houston [1st
Dist.] 1996, no writ). However, whether a particular agreement is an enforceable contract
is generally a question of law. Id.
          It is well established that the terms of an oral contract must be clear, certain and
definite. Gannon v. Baker, 830 S.W.2d 706, 709 (Tex. App.–Houston [1st Dist.] 1992, writ
denied). “A contract must be sufficiently definite in its terms so that a court can understand
what the promisor undertook.” T.O. Stanley Boot Co. v. Bank of El Paso, 847 S.W.2d 218,
221 (Tex. 1992). A contract will fail for indefiniteness if evidence is not presented on all
essential terms. See id. at 221-22. If an alleged agreement is so indefinite as to make it
impossible for a court to fix the legal obligations and liabilities of the parties, it cannot
constitute an enforceable contract. Engelman Irrigation Dist. v. Shields Bros., 960 S.W.2d
343, 352 (Tex. App.–Corpus Christi 1997), pet. denied per curiam, 989 S.W.2d 360 (Tex.
1998). In order for a court to enforce a contract, the parties must agree to the material
terms of the contract. T.O. Stanley Boot Co., 847 S.W.2d at 221. To be legally binding,
the parties must have a meeting of the minds and must communicate consent to the terms
of the agreement. Smith v. Renz, 840 S.W.2d 702, 704 (Tex. App.–Corpus Christi 1992,
writ denied).
          Appellant contends that in addition to his base salary, appellees agreed to pay him
a bonus, contingent on the successful outcome of the cases on which he performed legal
assistance and investigative services. Appellant asserts that he is unable to establish an
exact amount of money owed to him because of the nature of the means by which he was
given such bonuses in the past – part cash, part luxury goods, part rent-free housing, and
part loans that were forgiven or repaid by appellees. Appellant says that the total value of
the bonuses owed to him is “close to . . . six hundred thousand” for the Tomlinson case
and “double the amount of what [he] was supposed to receive in the Tomlinson case” for
his work on the Hastings case.
          Appellant contends that the summary judgment evidence establishes a course of
dealing between the parties that evidences an oral agreement to pay him bonuses for his
work on the Tomlinson and Hastings cases. In his affidavit, appellant states that it was
common practice for appellees to promise and pay appellant and other employees
substantial bonus payments in addition to their salaries for work on specific cases. He
says that payments typically were made over a period of months, rather than in one lump
sum immediately after the firm received its share of a settlement or judgment. Appellant
evidences partial performance of the alleged agreement by his receipt of $25,000, an
automobile, and a boat of his choosing as a bonus for the work that he performed on the
Tomlinson case. Appellant also presented relevant portions of the depositions from
appellees Albert Huerta, Steve Hastings, and Guy Allison to show that this practice of
paying bonuses was consistent with a course of dealing between the parties and other
employees over many years.
          Viewing the evidence in the light most favorable to appellant, we conclude that any
alleged agreement was, at most, a contingent agreement to agree. An agreement to make
a future contract is enforceable only if it is specific as to all essential terms, and no terms
of the proposed agreement may be left to future negotiations. Fort Worth Indep. Sch. Dist.
v. City of Fort Worth, 22 S.W.3d 831, 846 (Tex. 2000). An agreement to enter into
negotiations in the future cannot be enforced because the court has no means to
determine what sort of contract the negotiations would have produced. Central Tex.
Micrographics v. Leal, 908 S.W.2d 292, 296-97 (Tex. App.–San Antonio 1995, no writ). 
The record here is devoid of any agreement or promise to pay a sum certain to appellant
in the future as a bonus for services rendered to appellees. It is undisputed that the
amount of any bonus was never determined by the parties. Further, appellees have shown
that any alleged agreement to pay their employees a bonus was gratuitous in nature and
contingent on the successful outcome of their lawsuits. Because the amount of any bonus
was indefinite at the time of the alleged agreement, such amount was open for future
negotiation or discretion. It is well-settled law that when an agreement leaves material
matters open for future adjustment and agreement that never occur, it is not binding on the
parties and merely constitutes an agreement to agree. Fort Worth Indep. Sch. Dist., 22
S.W.3d at 846. 
          We hold that appellees have conclusively established there existed no enforceable
oral contract to pay a future sum certain as a bonus. Accordingly, the trial court did not err
in granting summary judgment on appellant’s breach-of-contract claim. Appellant’s second
issue is overruled.
          We affirm that part of the trial court’s order granting summary judgment on
appellant’s breach of contract claim. Because appellees’ “no-evidence” motion for
summary judgment is legally insufficient and because appellees failed to produce any
evidence regarding appellant’s misrepresentation claim, we reverse that part of the trial
court’s order granting summary judgment on appellant’s claim for misrepresentation. 
Accordingly, we remand appellant’s misrepresentation claim to the trial court for further
proceedings. 
 
                                                                           FEDERICO G. HINOJOSA
                                                                           Justice


Opinion delivered and filed this the
20th day of May, 2004.