NUMBER 13-05-294-CV

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG                    

 

 

 

RONALD
ALEXANDER LEBLANC, SR.,                         Appellant,

 

                                           v.

 

SANDRA
RANSOM,                                                   Appellee.

 

 

 

                  On appeal from the 267th District Court

                           of Victoria County, Texas.

 

 

 

                     MEMORANDUM OPINION

 

      Before Chief Justice Valdez and Justices
Rodriguez and Garza

Memorandum Opinion by
Justice Rodriguez

 








This appeal
arises from two motions for summary judgment granted in favor of appellee,
Sandra Ransom, and against appellant, Ronald Alexander LeBlanc, Sr.  By three issues, appellant generally asserts
that the trial court erred in granting summary judgment in favor of appellee
with respect to appellee's declaratory judgment action and appellant's
counterclaims.  We affirm.

                                                          I.  Standard of Review

We review the
granting of a traditional motion for summary judgment de novo. Branton v.
Wood, 100 S.W.3d 645, 646 (Tex. App.BCorpus Christi 2003, no pet.) (citing Natividad
v. Alexsis, Inc., 874 S.W.2d 695, 699 (Tex. 1994); Tex. Commerce Bank
Rio Grande Valley v. Correa, 28 S.W.3d 723, 726 (Tex. App.BCorpus Christi 2000, pet. denied)).  To prevail, the movant has the burden of
showing that there is no genuine issue of material fact and that she is
entitled to judgment as a matter of law. 
Freedom Communications, Inc. v. Brand, 907 S.W.2d 614, 617 (Tex.
App.B Corpus Christi 1995, no writ) (citing Nixon v.
Mr. Property Mgmt. Co., 690 S.W.2d 546, 548‑49 (Tex. 1985)).  In deciding whether there is a disputed
material fact issue precluding summary judgment, evidence favorable to the
nonmovant will be taken as true.  Id.  Every reasonable inference must be indulged
in favor of the nonmovant and any doubts resolved in his favor.  Id. 








In
reviewing a no-evidence summary judgment, we apply the same legal sufficiency
standard that is applied in reviewing directed verdicts.  Zapata v. Children's Clinic, 997
S.W.2d 745, 747 (Tex. App.BCorpus Christi 1999, pet. denied).  We view the evidence in the light most
favorable to the nonmovant and disregard all contrary evidence and
inferences.  Id. (citing Merrell
Dow Pharm., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997); Moore v.
Kmart Corp., 981 S.W.2d 266, 269 (Tex. App.BSan
Antonio 1998, pet. denied)).  Unless the
nonmovant brings forth more than a scintilla of probative evidence to raise a
genuine issue of material fact, the trial court must grant a no-evidence
summary judgment.  Id.; Tex. R. Civ. P. 166a(i).

When the trial
court=s order granting summary judgment does not specify
the grounds upon which it was granted, the judgment must be affirmed if any of
the  grounds advanced in the summary
judgment motion are meritorious.  FM
Properties Operating Co. v. City of Austin, 22 S.W.3d 868, 873 (Tex. 2000).


II.  Analysis

A.  Declaratory Summary Judgment

By his first
issue, appellant asserts that the trial court erred in granting appellee's
partial traditional motion for summary judgment.[1]
More specifically, appellant asserts that the trial court erred in declaring
that appellee was the "lawfully appointed successor Trustee of the Ronald
LeBlanc Trusts," and that appellant was "never a Trustee" of the
trust at issue.[2]













To support his
contention, appellant asserts that a genuine issue of material fact existed
with respect to whether the original trustee, Betty Moritz (Moritz), appointed
either appellee or appellant to serve as her successor trustee.  Appellant argues that the existence of the
following documents raises a fact issue, precluding summary judgment:  (1) a document wherein Moritz purported to
appoint appellant as her successor trustee; and (2) a document wherein Moritz
purported to appoint appellee as her successor trustee.[3]  In the first document, Moritz purportedly
appointed appellant as successor trustee on July 20, 1997, and appellant
accepted the purported appointment on July 27, 1997.  A notary public stamped the document on
November 12, 1997.  The document was
recorded in the official records of Victoria County, Texas, on June 1,
1998.  The second document is titled
"APPOINTMENT TO THE RONALD ALEXANDER LE BLANC TRUST FUND."  In the document, Moritz resigned as trustee
and purportedly appointed appellee as successor trustee on August 6, 1997.  In addition, a notary public certified that
Moritz had "acknowledged to me that she executed same for the purpose and
consideration therin [sic] expressed" the same day.  Furthermore, appellee accepted the purported appointment
on August 6th, and a notary public certified that appellee had
"acknowledged to me that she executed the same for the purpose and
consideration therein expressed" the same day.  The document was recorded in the official
records of Victoria County, Texas, on December 15, 1997.  The thrust of appellant's contention turns on
an evaluation of the effectiveness of Moritz's purported appointments. 

Section 8.2 of
the trust at issue specifies that an "appointment of successor Trustee
must be in writing and must be acknowledged to be effective."  Therefore, in order for either of Moritz's
purported appointments to have become effective, the appointment had to be in
writing and be acknowledged.  Appellant
does not challenge whether either of the purported appointments was in writing;
instead, appellant challenges the meaning of the word "acknowledged"
and its application to the purported appointments.  Appellant relies on the definition of
"acknowledge" found in Black's Law Dictionary, which defines the term
as "to own, avow, or admit; to confess; to recognize one's acts, and
assume the responsibility therefor," to support his assertion that his
"acceptance" of the purported appointment satisfied the requirement
that the appointment be "acknowledged."  Black's
Law Dictionary 39 (4th ed. 1957). 
Appellee, however, argues that the word "acknowledged" should
be given the legal meaning found in the Texas Civil Practice and Remedies Code,
and that doing so would render Moritz's appointment of her as successor trustee
effective, while rendering Moritz's purported appointment of appellant as
successor trustee ineffective.  See Tex. Civ. Prac. & Rem. Code Ann. '' 121.004, 121.006 (Vernon 2005).

Section 121.004
of the civil practice and remedies code reads as follows:








(a)  To
acknowledge a written instrument for recording, the grantor or person who
executed the instrument must appear before an officer and must state that he
executed the instrument for purposes and consideration expressed in it.

 

(b)  The officer shall:

 

(1) make a certificate of the
acknowledgment;

 

(2) sign the certificate; and

 

(3) seal the certificate with
the seal of office.

 

Id. ' 121.004.  In
addition, section 121.006(b) states that "[i]n an acknowledgment form 'acknowledged'
means" the following:

(5)  in the
case of a person acknowledging as a public officer, trustee . . . that
the person personally appeared before the officer taking the acknowledgment and
acknowledged executing the instrument by proper authority in the capacity
stated and for the purposes and consideration expressed in it.

 

Id. ' 121.006(b) (emphasis added).

 








In reviewing
appellant's issue and appellee's argument, we note that it is well-settled that
construction of a trust instrument is a question of law for the trial court
when no ambiguity exists.  See Nowlin
v. Frost Nat'l Bank, 908 S.W.2d 283, 286 (Tex. App.BHouston [1st Dist.] 1995, no writ) (citing Hancock
v. Krause, 757 S.W.2d 117, 119 (Tex. App.BHouston
[1st Dist.] 1988, no writ)).  If the
trial court can give a certain or definite legal meaning or interpretation to
the words of an instrument, it is unambiguous, and the court may construe it as
a matter of law.  Id. (citing Coker
v. Coker, 650 S.W.2d 391, 393 (Tex. 1983)). 
If, however, the meaning of the instrument is uncertain or reasonably
susceptible to more than one meaning, it is ambiguous.  Id. 
If it is ambiguous, then its interpretation presents a fact issue
precluding summary judgment.  Id.








Here, the trust
specifies that an appointment of successor trustee must be in writing and
acknowledged to be effective.[4]  In addition, the trust specifies that
questions pertaining to its administration shall be determined in accordance
with the laws of the State of Texas. 
Generally, the purpose of an acknowledgment "is to authenticate an
instrument as being the act of the person executing the written
instrument."  Onwuteaka v. Cohen,
846 S.W.2d 889, 895 (Tex. App.BHouston [1st Dist.] 1993, writ denied).  Section 121.004 of the civil practice and
remedies code describes the proper method for acknowledging a written
instrument.  See Tex. Civ. Prac. & Rem. Code Ann. ' 121.004 (Vernon 2005).  In addition, section 121.006 of the code
specifically defines the term "acknowledged" with respect to the
actions of a trustee.  See id. ' 121.006.  As
a result, the trial court could give the term "acknowledged" a
certain and definite legal meaning based on the laws of the State of Texas,
specifically sections 121.004 and 121.006, as required by the trust.  See Nowlin, 908 S.W.2d at 286.  Therefore, we conclude the term "acknowledged,"
as it appeared in the trust, was unambiguous, and the trial court was permitted
to construe it as a matter of law.  See
id.  Thus, we conclude that
appellant's suggestion that the definition of the term "acknowledge"
found in Black's Law Dictionary, Black's
Law Dictionary 39 (4th ed. 1957), be applied in the instant case is
without merit, and therefore, appellant failed to raise a genuine issue of
material fact with respect to the appointment of successor trustee.  See Freedom Communications, 907 S.W.2d
at 617 (citing Nixon, 690 S.W.2d at 548-49).  We further conclude that the trial court
properly granted summary judgment in favor of appellee because appellee
established, as a matter of law, that Moritz's appointment of her as successor
trustee was in writing and acknowledged, in accordance with the trust.  We overrule appellant's first issue. 

B.  Summary Judgment on Counterclaims[5]

By his second and
third issues, appellant asserts that the trial court erred in granting summary
judgment in favor of appellee on his counterclaims for waste and mismanagement
of the trust property because (1) the record demonstrated that he had standing
to bring the counterclaims, and (2) appellee failed to provide summary judgment
evidence that she gave notice of the lawsuit to the beneficiaries of the trust.


1.  Standing to Bring Counterclaims

Through his
second issue, appellant asserts that the trial court erred in granting summary
judgment in favor of appellee on his counterclaims, thereby finding that he
lacked standing to bring the counterclaims. 
We disagree.








Pursuant to
section 115.011 of the Texas Property Code, only an interested person may bring
an action to determine the responsibilities, duties, and liability of a
trustee.  Tex. Prop. Code Ann. '' 115.001, 115.011(a) (Vernon 1995 & Supp.
2005).  Section 111.004(7) defines an
interested person as follows:

a trustee,
beneficiary, or any other person having an interest or claim against the trust
or any person who is affected by the administration of the trust.  Whether a person, excluding a trustee or
named beneficiary, is an interested person may vary from time to time and must
be determined according to the particular purposes of and matter involved in
any proceeding. 

Id. ' 111.004(7).  








Here, appellant
only relies on his theory that he, rather than appellee, was appointed by
Moritz as her successor trustee, and therefore, he has standing, as trustee, to
bring his counterclaims.  Appellant does
not assert that he has standing to bring his counterclaims under any other
definition of an interested person found in section 111.004(7), nor did he
present any summary judgment evidence to indicate that he met any other
definition of an interested person pursuant to section 111.004(7).  See id.; see also Zapata,
997 S.W.2d at 747 (providing that unless the nonmovant brings forth more than a
scintilla of probative evidence to raise a genuine issue of material fact, the
trial court must grant a no-evidence summary judgment).  Thus, because (1) we have already determined
that the trial court properly declared that appellee was the "lawfully
appointed successor Trustee of the Ronald LeBlanc Trusts," and that
appellant was "never a Trustee" of the trust at issue, and (2)
appellant presented no summary judgment evidence that he met any other
definition of an interested person, we conclude that appellant lacked standing
to bring his counterclaims.  Therefore,
we conclude that the trial court's granting of summary judgment, if based on
the ground that appellant lacked standing to bring his counterclaims, was
proper.  We overrule appellant's second
issue.

2.  Notice to Beneficiaries Regarding
Counterclaims

Having concluded
that appellant lacked standing to bring his counterclaims, we need not address
appellant's third issue.  See Tex. R. App. P. 47.4.

                                                                III.  Conclusion

Accordingly,
we affirm the judgment of the trial court.

 

 

NELDA V.
RODRIGUEZ

Justice

 

Memorandum Opinion delivered
and

filed this 20th day of July,
2006.

 

 

 

 











[1]In her partial motion for summary
judgment, appellee only sought a declaration that she had been named Moritz's
successor trustee.  In her subsequent
motion for traditional summary judgment and no-evidence summary judgment,
appellee sought summary judgment on attorney's fees related to her declaratory
judgment action and on appellant's counterclaims.  The trial court granted appellee's motion for
traditional summary judgment and no-evidence summary judgment, thereby granting
attorney's fees and making the judgment relating to the declaratory judgment
action final and appealable.





[2]We note that appellant argues, as a
sub-issue, for the first time on appeal that (1) section 8.1 of the trust
states that Wiley Moritz shall serve as successor trustee in the event that
Betty S. Moritz is unwilling or unable to serve as trustee and that Raymond E.
Allen, Sr. shall serve as second successor trustee if neither Betty nor Wiley
Moritz is willing or able to serve, (2) there is no evidence in the record to
show that both Wiley Moritz and Raymond E. Allen, Sr. were unwilling or unable
to serve, and (3) as a result, Betty S. Moritz's appointment of appellee as her
successor trustee was not in accordance with the terms of the trust.  However, because issues not expressly
presented to the trial court by written motion, answer, or other response shall
not be considered on appeal as grounds for reversal, Tex. R. Civ. P. 166a(c); City of Houston v. Clear Creek
Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979), we will not consider this
sub-issue. 





[3]Appellant also asserts that
Moritz's affidavit, which states that she had appointed appellant as successor
trustee, raises a fact issue when considered with the first two documents.  However, we conclude that Moritz's affidavit
is of no consequence because we must determine the effectiveness of the
purported appointments based on whether the appointments were in writing and
acknowledged, as indicated in the trust at issue.





[4]We note that because the meaning of
the term "writing" is not challenged on appeal, we will only review
the trial court's judgment with respect to the meaning and application of the
term "acknowledged" and will not address the meaning and application
of the term "writing" in this opinion.





[5]Appellee filed a hybrid traditional
motion for summary judgment and a no-evidence motion for summary judgment
asserting (1) that appellant lacked standing to bring his counterclaims and
there was no evidence in the record to show he was an interested person, (2)
there was no evidence in the record as to appellant's counterclaims, and (3)
that appellee was entitled to attorney's fees. 
The trial court did not specify the ground(s) upon which it granted
summary judgment.  Therefore, the
judgment must be affirmed if any of the grounds advanced in the summary
judgment motion are meritorious.  FM
Properties Operating Co. v. City of Austin, 22 S.W.3d 868, 873 (Tex. 2000).