Opinion issued July 24, 2009













In The

Court of Appeals

For The

First District of Texas






NO. 01-08-00134-CV






JOHN L. KENNAMER, INDIVIDUALLY, AND JOHN L. KENNAMER &
MORA KENNAMER D/B/A K BAR LAND & CATTLE COMPANY,
Appellants


v.


THE ESTATE OF JOHN ALWIN NOBLITT, DECEASED, CHARLES R.
NOBLITT, JR., INDIVIDUALLY AND AS ADMINISTRATOR OF THE
ESTATE OF JOHN ALWIN NOBLITT, DECEASED, AND JOANN JONES,
INDIVIDUALLY AND AS HEIR OF THE ESTATE OF JOHN ALWIN
NOBLITT, DECEASED, Appellees






On Appeal from the County Court at Law No. 2 and Probate Court

Brazoria County, Texas

Trial Court Cause No. PR027065-A






OPINION DISSENTING FROM DENIAL OF EN BANC REVIEW


 I respectfully dissent from denial of en banc review. The sole issue on which
appellees moved for summary judgment in this case was ownership of the cow that
attacked and injured appellant John Kennamer, upon which appellees' duty to
Kennamer was predicated in this suit for damages for negligence. (1) This was a hotly
disputed fact issue, as the summary judgment proofs of both sides demonstrate. The
standard of proof of traditional summary judgment is well-established. Specifically,
summary judgment shall be granted if the summary judgment proofs and the pleadings
establish show, "except as to the amount of damages, there is no genuine issue as to
any material fact and the moving party is entitled to judgment as a matter of law on the
issues expressly set out in the motion or in an answer or any other response." Tex. R.
Civ. P. 166a(c) (emphasis added). The standard of review for a traditional summary
judgment motion is threefold: (1) the movant must show that there is no genuine issue
of material fact and that he is entitled to judgment as a matter of law; (2) in deciding
whether there is a disputed material fact issue precluding summary judgment, the court
must take evidence favorable to the nonmovant as true; and (3) the court must indulge
every reasonable inference in favor of the nonmovant and resolve any doubts in the
nonmovant's favor. Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex.
1985); see Tex. R. Civ. P. 166a(c).

 Here, the panel jumps through hoops to uphold the summary judgment, spending
six pages of the slip opinion weighing the deposition testimony attached as summary
judgment proof and determining for itself on the basis of its assessment of the
credibility of the witnesses and the weight it assigns their deposition testimony that
appellees did not own the cow. It concludes that appellees are entitled to summary
judgment because they did not own the cow by disregarding all of the summary
judgment evidence of ownership of the cow favorable to Kennamer, the non-movant,
including his recognition of the cow as one owned by Noblitt, its age, its color, its
skinniness, the length of its horns, the notches on the cow's ears, the brands and
absence of brands on Noblitt's, Kennamer's, and Fitzgerald's cows, and by seizing
upon Kennamer's testimony that the cow was branded and the movants', appellees',
conflicting testimony that Noblitt's cows were not branded. It then credits as true
Noblitt's testimony that his cows were not branded (although one deposition witness
suggested that Noblitt might have owned some branded cattle), and, having credited
the movant's self-serving testimony on one of many disputed fact issues as dispositive
of ownership of the cow, the panel concludes that no reasonable jury, presented with
all the evidence from witnesses subject to cross-examination in a courtroom where their
demeanor might be observed and all the disputed indicia of ownership of the cow might
be weighed, could have found that Noblitt owned the cow. Therefore, the panel holds
that appellees were entitled to judgment as a matter of law declaring them not liable for
Kennamer's injuries.

 The panel purports to follow City of Keller v. Wilson in reaching its judgment. 
See slip op. at 12 (citing City of Keller v. Wilson, 168 S.W.3d 802, 816 (Tex. 2005)). 
Yet its review of the summary judgment evidence, by weighing deposition testimony
and making a determination as to its weight and credibility, directly contradicts the
instruction in Keller that, in cases requiring the review of the legal sufficiency of the
evidence, "[j]urors are the sole judges of the credibility of the witnesses and the weight
to be given their testimony. They may choose to believe one witness and disbelieve
another. Reviewing courts cannot impose their own opinions to the contrary." 168
S.W.3d at 819 (emphasis added). The Keller court concluded:

 Whether a court begins by reviewing all the evidence or disregarding part
in a legal-sufficiency review, there can be no disagreement about where
that review should end. If the evidence at trial could enable reasonable
and fair-minded people to differ in their conclusions, then jurors must be
allowed to do so. A reviewing court cannot substitute its judgment for
that of the trier-of-fact, so long as the evidence falls within this zone of
reasonable disagreement.

Id. at 822 (emphasis added). 

 Even more fundamentally, the panel opinion contravenes the long-standing
mandate of Nixon v. Mr. Property Management. Co., Rhone-Poulenc, Inc. v. Steel, and
Keller itself that, in deciding whether there is a disputed material fact issue in the
summary judgment context, evidence favorable to the non-movant must be taken as
true and every reasonable inference must be indulged in favor of the non-movant and
any doubts resolved in his favor. Keller, 168 S.W.3d at 824; Rhone-Poulenc, 997
S.W.2d 221, 223 (Tex. 1999); Nixon, 680 S.W.2d at 548. Keller carries forward this
mandate, stating, that "in the scope of review for summary judgment . . . , there is only
one standard--a reviewing court must examine the entire record in the light most
favorable to the nonmovant, indulging every reasonable inference and resolving any
doubts against the motion." 168 S.W.3d at 824-25. 

 The problem with the standard of review employed by the panel arises, I believe,
from the Keller court's next statement: "Reviewing courts do not disregard the
evidence supporting the motion; if they did, all summary judgments would be
reversed." Id. The court went on to explain, however, that reviewing all of the
evidence in a summary judgment case does not mean crediting the evidence that
supports the movant and indulging inferences and resolving all reasonable doubts in
the movant's favor. See id. at 825. Rather, "the standard for granting summary
judgment 'mirrors' the standard for judgment as a matter of law," i.e., the standard for
legal sufficiency of the evidence. Id. at 825. The court concluded, "Whether a
reviewing court begins by considering all the evidence or only the evidence supporting
the verdict, legal-sufficiency review in the proper light must credit favorable evidence
if reasonable jurors could, and disregard contrary evidence unless reasonable jurors
could not." Id. at 827. The court explained, "Jurors . . . are not free to believe
testimony that is conclusively negated by undisputed facts. But whenever reasonable
jurors could decide what testimony to discard, a reviewing court must assume they did
so in favor of their verdict, and disregard it in the course of legal sufficiency review." 
Id. at 820.

 The critical difference between the legal sufficiency standard of review in a trial
context, as described in Keller, and summary judgment review, in light of Keller, is, of
course, that, in the summary judgment context, the reviewing court must review all
evidence in a light favorable to the non-movant, rather than the (non-existent) verdict,
discard all testimony favorable to the movant, and, unless the movant's evidence is
conclusively negated by undisputed facts, disregard all evidence contrary to the non-movant in the course of its review. The panel in this case, misreading Keller, did just
the opposite. It reviewed the evidence in a light favorable to the summary judgment;
it discarded all testimony relevant to ownership of the cow favorable to Kennamer, the
non-movant; and, weighing disputed evidence, it disregarded all evidence contrary to
the movants' testimony that they did not own the cow.

 To be entitled to summary judgment, appellees had the burden of proving that
there was no genuine material issue as to who owned the cow that attacked Kennamer
as a matter of law. They could have proved this only if Kennamer had not produced
evidence that appellees owned red cows like the one that attacked him, that he had seen
the cow that attacked him on appellants' ranch, that appellees' cows had gotten out of
their enclosure and invaded Kennamer's ranch as recently as five months before the
incident at bar, and that appellees' cattle often exhibited wild and aggressive behavior,
including attacking a man on horseback and seriously injuring him, chasing a testifying
witness for 400-500 yards, and attacking a rider on a 4-wheeler, and if Kennamer, the
eye-witness to the attack, had not produced summary judgment evidence as to the age,
size, condition, length of horns, branding, and ear notches of the attacking red cow and
of appellees' cows. This evidence disputed the movants' evidence as to the identifying
characteristics of the cow that attacked him, from which the ownership of the cow
might be reasonably inferred.

 If the panel had followed the mandate of Nixon, Rhone-Poulenc, and Keller, it
would have had to have taken as true all of Kennamer's summary judgment evidence
that appellees owned the cow, and it could not have credited for summary judgment
purposes any of appellees' conflicting evidence. Instead, the panel discarded all of the
non-movant's summary judgment evidence about the description and ownership of the
cow except Kennamer's statement that the cow was branded, and it then credited as
dispositive Noblitt's self-serving fact testimony that he did not brand his cows. In
doing so, the panel fully usurped the role of the jury who could have heard that
disputed testimony in the context of a trial.

 If appellants' summary judgment evidence is taken as true and appellants'
conflicting evidence is disregarded, as required by Texas law, the summary judgment
in favor of appellees cannot be sustained. This Court should have reversed the
summary judgment and sent the case back for trial on the disputed material fact issue
of who owned the cow. It should not have weighed conflicting evidence, determined
the credibility of witnesses from the summary judgment proofs, and determined for
itself that the red cow was branded with an upside-down "U," that appellants' cows
were not branded with an upside-down "U," and, therefore, no reasonable juror could
have decided the case in favor of appellants.

 The panel, however, reads Keller as requiring it to weigh the evidence for itself
and to determine whether reasonable people could differ with its own judgment. I
believe that this is a plainly erroneous interpretation of controlling law and that it
misapplies the summary judgment rule in a way that subverts both the language and
purpose of the rule, results in a miscarriage of justice in this case, and distorts summary
judgment practice within the jurisdiction of this Court. I believe it wrongfully
encourages parties to file summary judgment motions on fact issues as to which there
is conflicting evidence in the hope that this Court, following its own precedent, will
determine that no reasonable person could disagree with its own determination of
disputed facts, transforming summary judgment practice from a means of disposing of
cases that present only legal issues to a means of trying material fact issues by selected
proofs submitted to the court, as in the continental European system. For those
reasons, I believe this case satisfies the criteria for en banc review. See Tex. R. App.
P. 41.2(c). (2)

 I would grant en banc review.





 Evelyn V. Keyes 

 Justice


Panel consists of Chief Justice Radack and Justices Higley and Nuchia. (3)

Appellants moved for rehearing to the panel and for en banc reconsideration to the
Court. See Tex. R. App. P. 49.1, 49.7.


The panel denied the motion for rehearing addressed to it, leaving pending the motion
for en banc reconsideration, which maintained the Court's plenary power over the case. 
See Tex. R. App. P. 19.1, 49.3.


During the pendency of the motion for en banc reconsideration, the Court sua sponte
withdrew its opinion and judgment issued January 8, 2009, thus rendering moot the
motion for en banc reconsideration. Cf. Brookshire Bros., Inc. V. Smith, 176 S.W.3d
30, 41 n.4 (Tex. App.--Houston [1st Dist.] 2004, pet. denied) (op. on reh'g).

After the Court's withdrawal of its January 8, 2009 opinion and judgment, during the
pendency of the Court's plenary power over the case, and before another opinion and
judgment had issued in the case, en banc consideration was requested from within the
Court. See Tex. R. App. P. 41.2(c).


Chief Justice Radack and Justices Jennings, Keyes, Alcala, Hanks, Higley, Bland,
Sharp, and Nuchia participated in the vote to determine en banc consideration.


A majority of the Justices of the Court voted to deny en banc consideration. See id.


Justice Keyes, joined by Justice Sharp, dissenting from the denial of en banc
consideration. See id.

1. The panel opinion gratuitously states that there is no common law duty in Texas to
fence livestock and that, although the Texas Agriculture Code imposes statutory
duties that prohibit a stock owner from allowing livestock to run at large, that statute
applies only if locally adopted. See Tex. Agric. Code Ann. § 143.071 (Vernon
2004). The panel appears to be making the argument sua sponte that section 143.071
does not impose a duty to keep animals on one's own property in Brazoria County and
that there is no common law duty to protect against a dangerous animal that escapes
from one's property and injures someone. There is absolutely no argument made
either by appellees in their motion for summary judgment or by appellants in response
that appellees did not owe a common law or statutory duty to appellants for which
they could be liable in negligence if appellants owned the cow that attacked Kennamer
on Kennamer's property. All that is at issue in this motion for summary judgment is
a material fact issue: who owned the cow? This is a material fact issue because if
appellees did not own the cow, no liability could attach to them. See Pierce v.
Washington Mutual Bank, 226 S.W.3d 711, 714 (Tex. App.--Tyler 2007, pet. denied)
("A fact is 'material' if it affects the ultimate outcome of the suit under the governing
law."). It is not an argument about the existence of legal duty. It is improper for a
court to grant summary judgment on an issue (lack of legal duty) that is not pled or
argued in the summary judgment pleadings. See Tex. R. Civ. P. 166a(c); McConnell
v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 339 (Tex. 1993); Coastal Cement
Sand Inc. v. First Interstate Credit Alliance, Inc., 956 S.W.2d 562, 565 (Tex.
App.--Houston [14th Dist.] 1997, pet. denied); see also Khan v. Yazdchi, No. 01-02-00918-CV, 2003 WL 21513628, at *4 (Tex. App.--Houston [1st Dist.] 2003, no pet.)
(mem. op.). The only issue properly before this court is the fact-intensive issue of
ownership of the cow.
2. Rule 41.2(c) provides:

 

 En banc consideration of a case is not favored and should not be ordered
unless necessary to secure or maintain uniformity of the court's decisions or
unless extraordinary circumstances require en banc consideration.


Tex. R. App. P. 41.2(c).
3. The Honorable Samuel N. Nuchia, who was a member of the panel when this case
was submitted on November 25, 2008, retired from the First Court of Appeals on
January 1, 2009. Retired Justice Nuchia continues to participate in the disposition of
this proceeding by assignment.